[Civ. No. 1733. Fourth Appellate District.—March 2, 1937.]

STELLA CLOUGH JOHNSON, Appellant, v. TAFT SCHOOL DISTRICT et al., Respondents.

Swaffield & Swaffield, Kenneth Sperry and Joseph E. Madden for Petitioner.

Borton, Petrini & Conron for Respondents.

MARKS, J.—This is an appeal from a judgment in an action wherein petitioner sought to be reinstated as a permanent teacher in the Taft School District, formerly known as the Conley School District.

On October 26, 1931, petitioner had attained the status of a permanent teacher in the school district. On that day the principal of the school filed a complaint with the state board of education seeking revocation or suspension of petitioner's junior high school credentials and her elementary life diploma. The complaint was referred to the Kern County board of education, which took evidence, and, although it found petitioner guilty of acts of insubordination and of maintaining an unprofessional attitude in her work, recommended against the revocation or suspension of her credentials and diploma as too severe a penalty to be inflicted upon her. The charges were thereupon dismissed by the state board of education. The only other order that the state board could have made was either to revoke or suspend the credentials and diploma. (Sec. 5.382, School Code.)

About March 9, 1932, the principal filed with the board of trustees of the respondent district a complaint charging petitioner with unprofessional conduct and seeking her dismissal from the schools. A hearing was had and petitioner was dismissed. She brought this action seeking reinstatement. The trial court held against her and this appeal followed. The charges made in the instant case are virtually a copy of some of those filed with the state board of education. Petitioner first urges that the findings and order of the state board of education are a complete adjudication of the charges involved here and constitute an estoppel against the matters pleaded before the respondent board of education. This contention is without merit. (*Saxton* v. *State Board of Education,* 137 Cal. App. 167 [29 Pac. (2d) 873]; *Bold* v. *Board of Medical Examiners,* 135 Cal. App. 29 [26 Pac. (2d) 707].)

■ Petitioner next urges that the trial court erred in receiving evidence of misconduct which was barred by the statute of limitations. This evidence was admitted in support of certain specifications of the complaint filed by the principal. The trial judge found that these specifications were barred by the provisions of section 5.657 of the School Code and did not base his judgment upon them. This cured the error, if any.

■ Petitioner next urges that ''the finding and judgment of dismissal are not supported by the evidence''. It would serve no good purpose to detail the considerable evidence in the record. It should be sufficient to state that it shows a long drawn out course of conduct on the part of petitioner that produced serious friction in the school and showed insubordination on her part and a refusal to conform to the instructions and requirements of her superiors.

In *Goldsmith* v. *Board of Education,* 66 Cal. App. 157, at 168 et seq. [225 Pac. 783, 787], it is said:

''The teacher is entrusted with the custody of children and their high preparation for useful life. His habits, his speech, his good name, his cleanliness, the wisdom and propriety of his unofficial utterances, his associations, all are involved. His ability to inspire children and to govern them, his power as a teacher, and the character for which he stands are matters of major concern in a teacher's selection and retention. . . . The board of education is responsible for the proper conduct of our schools. They administer them through the teachers they employ. To enable them to discharge this obligation they must have such power over their teachers as is necessary to promote the efficiency of the schools and to prevent or to punish offenses against it. In occupations involving a high degree of personal, as distinguished from mechanical or technical service, specification of acts of unfitness are wholly impossible and have never been attempted. . . . Cannot the legislature likewise provide for the dismissal of a teacher, from a particular employment, for such actions as in the sound discretion of the Board of Education amounts to 'unprofessional conduct'? It would seem clear that it could. In both cases the dismissal has been only from a particular employment, leaving the person dismissed free to prosecute his professional employment elsewhere. There is an undeniable difference between the

qualification of a man for the general practice of a profession and his fitness for some particular employment. Transient and local causes may render him undesirable in the latter case although his general fitness might be conceded. There is a vast difference between the right of a board to take away a man's right to practice a profession by revoking his license and subjecting him to dismissal from a single employment after he has become subject to a substantial objection of his employer.''

A board of education is entrusted with the conduct of the schools under its jurisdiction, their standards of education, and the moral, mental and physical welfare of the pupils during school hours. An important part of the education of any child is the instilling of a proper respect for authority and obedience to necessary discipline. Lessons are learned from example as well as from precept. The example of a teacher who is continually insubordinate and who refuses to recognize constituted authority may seriously affect the discipline in a school, impair its efficiency, and teach children lessons they should not learn. Such conduct may unfit a teacher for service in a school even though her other qualifications may be sufficient. ''Book learning'' is only a phase of the important lessons a child should learn in a school.

Primarily it should be the function of the board of education to determine the effect on a school of unprofessional conduct on the part of a teacher. It should hear evidence, make its findings and draw its conclusions from them. If its findings and conclusions are supported by substantial evidence it would be a poor policy for a court to disturb them.

In the instant case the findings of the trial court agreed with the findings of the board of education, with the exception that the trial court found certain specifications of misconduct on the part of petitioner barred by the statute of limitations. The findings of the trial court are supported by substantial evidence. Under familiar rules governing us they cannot be disturbed on appeal.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1937.