[Civ. No. 15812. Third Dist. Mar. 29, 1977.]

JOHN S. NG, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Respondent.

**COUNSEL**

Donald M. Sea for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Stephen Egan, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**FRIEDMAN, J.**—Plaintiff held a permanent civil service position as supervisor of academic instruction at the California Rehabilitation Center, apparently a position comparable to school principal. The Department of Corrections ordered his demotion to the position of elementary school teacher effective October 1, 1973. The stated reasons were incompetence, inefficiency, inexcusable neglect of duty and failure of good behavior. Plaintiff appealed to the State Personnel Board. The

board found plaintiff incompetent and inefficient, expressly rejected the other charges and concluded that the demotion was justified. Plaintiff's request for a rehearing was denied on April 24, 1974. Plaintiff filed this superior court action on April 21, 1975, almost one year later.

On May 29, 1975, the superior court filed its decision declaring that the personnel. board had adopted the decision of its hearing officer without referring to the reporter's transcript of the hearing and ordering remand to the board for reconsideration. In compliance with the court's order, the personnel board reviewed the reporter's transcript and exhibits, then upheld its original decision and denied plaintiff's rehearing request. Plaintiff then returned to the superior court and filed a motion for issuance of a writ of mandate. On January 29, 1976, the court entered judgment denying the petition for writ of mandate. On February 26, 1976, plaintiff filed a notice of appeal.

■ There is no merit in the Attorney General's charge of tardy appeal. The Attorney General argues that plaintiff should have appealed from the judgment or order of May 29, 1975. The argument is ill taken because that order was interlocutory only. The pending mandate proceeding vested the court with continuing jurisdiction to review the personnel board's final decision rendered after compliance with the interlocutory order. The appeal from the judgment of January 29, 1976, is properly before us.

■ Plaintiff contends that the findings of incompetence and inefficiency were not supported by substantial evidence. ■ As is well known, the courts do not reweigh the evidence before the personnel board and draw from the evidence all reasonable inferences supporting its findings. (*Neely* v. *California State Personnel Bd.*, 237 Cal.App.2d 487, 489 [47 Cal.Rptr. 64].)

■ Plaintiff is correct in asserting that several items of supporting evidence were hearsay and that hearsay alone will not support a charge. (*Walker* v. *City of San Gabriel*, 20 Cal.2d 879, 881 [129 P.2d 349, 142 A.L.R. 1383].) ■ We find substantial evidence other than hearsay to support the findings. Mr. Tyson, plaintiff's immediate superior, testified that plaintiff took no effective action to stop a resident student from raising black widow spiders and that he, Tyson, had to take the corrective action. Contrary to Mr. Tyson's instructions, plaintiff failed to make observations and evaluations of teachers adequately or with required frequency. Plaintiff filed standard report forms concerning

student dropouts, many of which contained false entries made by plaintiff. Mr. Tyson's investigation revealed that in 19 of 35 cases the dropout reports filed by plaintiff reflected the wrong reason for withdrawal. Despite instructions, plaintiff failed to supervise enrollment procedures to attain classes of approximately equal size. He failed to supervise and evaluate a new program of elementary education; when another person was put in charge of the program, it showed better results. Plaintiff failed to respond, one way or another, to a teacher's request for leave of absence. These occurrences supplied substantial evidence of incompetence and inefficiency.

■ Relying upon *Walker* v. *State Personnel Board,* 16 Cal.App.3d 550 [94 Cal.Rptr. 132], plaintiff argues that the personnel board should have returned the case to the Department of Corrections for reassessment of the penalty after the board rejected several of the department's charges. In *Walker* the court rejected some charges and sustained others, then directed the personnel board to reconsider the penalty. The *Walker* case is not analogous. The relationship between the court and the personnel board is far different than that between the personnel board and the employing agency. The personnel board is the ultimate authority delegated by law to fix appropriate disciplinary action. (Gov. Code, § 19582.) The courts will not interfere with its penalty unless it has abused its discretion. (*Nightingale* v. *State Personnel Board,* 7 Cal.3d 507, 515 [102 Cal.Rptr. 758, 498 P.2d 1006].)

Plaintiff argues that the penalty was excessive. Discretion is abused when the action exceeds the bound of reason. (*People* v. *Russel,* 69 Cal.2d 187, 194 [70 Cal.Rptr. 210, 443 P.2d 794].) We cannot say that plaintiff's demotion was an unreasonable penalty.

■ Plaintiff charges that his demotion without a prior hearing deprived him of procedural due process of law and entitled him to salary in arrears. ■ In *Skelly* v. *State Personnel Board,* 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774], the California Supreme Court established the proposition that the State Civil Service Act confers upon permanent employees a property right in continued employment, which is protected by due process (*id.,* at pp. 206-207); that the punitive action provisions of the act do not fulfill minimum constitutional demands; that these demands require notice and an opportunity to respond before the discipline becomes effective (*id.,* at p. 215).

More recently, in *Barber* v. *State Personnel Bd.,* 18 Cal.3d 395 [134 Cal.Rptr. 206, 556 P.2d 306], the Supreme Court held the *Skelly* principle retroactively applicable to pending proceedings; concluded that an employee dismissed without prior due process is entitled to salary in arrears from the time discipline is actually imposed until the date the State Personnel Board files its decision (*id.,* at pp. 402-403).

In our view the procedural due process doctrine enunciated in *Skelly* extends to demotions as well as dismissals. In a practical sense a permanent employee's property interest in continued employment embraces his current classification as well as his current salary. His property interest is damaged by demotion as well as dismissal. The latter deprives him of the entire interest, the former of part. In *Skelly* (15 Cal.3d at p. 203) the court pointed to the employee's right to an evidentiary hearing except as to minor discipline consisting of suspension of 10 days or less. The right to an evidentiary hearing extends equally to dismissals and demotions. (Gov. Code, § 19578.) The *Skelly* opinion (15 Cal.3d at pp. 207-208) places dismissal *and other disciplinary measures* within the ambit of the right to continued employment which forms a property interest evoking due process protection. Both conceptually and verbally, the *Skelly* due process principle embraces demotions as well as dismissals.

■ The Attorney General contends that plaintiff lost any right to back pay because his mandate proceeding was filed more than 90 days after the personnel board's demotion order. ■ He relies upon the following arguendo statement extracted from the Supreme Court's opinion in *Barber* v. *State Personnel Bd., supra,* 18 Cal.3d at page 402: "Further, all proceedings in which the employee seeks compensation as damages—those involving costs to the board—are barred unless the employee sought review within 90 days of the date the board's decision became final. (§ 19630)."

The quoted sentence is dictum, entitled to respect but not binding. (*People* v. *Gregg,* 5 Cal.App.3d 502, 506 [85 Cal.Rptr. 273].) The sentence is an elliptical but inaccurate rendition of part of Government Code section 19630. The full text of that statute appears in the margin.[1] It

---

[1]Government Code section 19630: "No action or proceeding shall be brought by any person having or claiming to have a cause of action or complaint or ground for issuance of any complaint or legal remedy for wrongs or grievances based on or related to any civil service law in this State or the administration thereof unless such action or proceeding is commenced and served within one year after such cause of action or

establishes a one-year statute of limitations on lawsuits seeking review of State Personnel Board decisions. The period commences when the "cause of action . . . first arose." According to the statute's last sentence, the cause of action does not arise until the board's "final decision." The next-to-last sentence establishes an inner statute of limitations. It bars recovery of compensation "for the time subsequent to the date when such cause or ground arose" unless the lawsuit is filed and served within 90 days "after such cause or ground arose."

The 90-day clause needs no interpretation. It deals solely with salary arrearages accruing after the personnel board's final decision, that is, "subsequent to the date when such cause or ground arose." It prevents inflation of back pay claims through the medium of lawsuit delay. It protects the public pocketbook by minimizing claims for compensation accruing during the period following the personnel board's decision.

The 90-day clause has nothing to do with back pay which accrued preceding the personnel board's decision. The amount which accrued before the board's decision cannot be enlarged by delay in filing a lawsuit after the board's decision. As a matter of law the 90-day limitation of section 19630 does not affect back pay claims accruing prior to the personnel board's decision.

The Supreme Court's dictum in *Barber* fails to observe the difference between salary accruals before and after the personnel board decision. Were the Supreme Court squarely faced with the question, the court would doubtless follow the statute rather than its dictum. Where, as here, the back pay entitlement is based on the *Skelly-Barber* due process doctrine, none of it could have accrued after the personnel board's decision. ▮ Plaintiff's back pay entitlement is not barred by his failure to sue within 90 days.

Plaintiff's demotion without prior compliance with due process standards entitles him to back pay from October 1, 1973, the declared date of demotion, to the date the infirmity was corrected. This kind of infirmity is corrected when the employee has received notice and an opportunity to respond, ordinarily when the State Personnel Board

complaint or ground for issuance of any writ or legal remedy first arose. Such a person shall not be compensated for the time subsequent to the date when such cause or ground arose unless such action or proceeding is filed and served within 90 days after such cause or ground arose. Where an appeal is taken from a decision of the board the cause of action does not arise until the final decision of the board."

renders its decision. (*Barber* v. *State Personnel Bd., supra,* 18 Cal.3d at p. 403.) The present case is idiosyncratic because the personnel board rendered two demotion decisions, one on February 6, 1974, when the board filed a decision later invalidated by the superior court, and a second on July 23, 1975, which was sustained by the superior court. Although the first of these decisions was nullified, it represented the fulfillment of plaintiff's right to respond to the accusation; thus it establishes the date when the needs of procedural due process were satisfied. Plaintiff's back pay entitlement commenced on October 1, 1973, and ended on February 6, 1974.

The judgment is reversed for the limited purpose of directing the superior court to remand the case to the State Personnel Board for the award of salary in arrears. The judgment is otherwise affirmed. Each side will bear its own costs of appeal.

Puglia, P. J., and Evans, J., concurred.

A petition for a rehearing was denied April 26, 1977, and appellant's petition for a hearing by the Supreme Court was denied May 26, 1977. Bird, C. J., did not participate therein.