[Civ. No. 47938. Second Dist., Div. Three. Apr. 27, 1977.]

JOHN M. CHAMBERLAIN, Plaintiff and Appellant, v.
VENTURA COUNTY CIVIL SERVICE COMMISSION et al.,
Defendants and Respondents.

**COUNSEL**

Nordman, Cormany, Hair & Compton, Larry L. Hines and Laura K. McAvoy for Plaintiff and Appellant.

Dorothy L. Schechter, County Counsel, and Craig Price, Assistant County Counsel, for Defendants and Respondents.

**OPINION**

**POTTER, J.**—Petitioner, John M. Chamberlain, appeals from a judgment of the superior court denying his petition for writ of mandate to compel the respondents Ventura County Civil Service Commission (hereinafter commission) and William E. Hill, Sheriff of Ventura

County (hereinafter sheriff) to vacate and set aside a disciplinary order.

According to the petition, petitioner had been employed as a deputy sheriff with permanent civil service status from August 16, 1950, until December 20, 1973. He had been promoted to the rank of chief deputy on January 1, 1969, and had held that position thereafter. On December 20, 1973, the sheriff served petitioner with a notice of discharge, specifying six grounds for dismissal, which stated that the dismissal "was effective immediately." Petitioner made timely written application to the commission appealing his discharge and requested a hearing. On February 11, 1974, the commission conducted a hearing before three of the five members. This hearing lasted some five and one-half weeks and both written and oral evidence were introduced. The hearing concluded on March 19, 1974, and on March 26, 1974, the commission rendered its written findings and decision.

The commission found "charges two and four of the grounds for dismissal" stated in the sheriff's letter were true. The commission, however, concluded that the sheriff's order dismissing petitioner was excessive and modified the disciplinary action so as to demote petitioner to the rank of captain. The commission further ordered that petitioner "receive back pay at the rate applicable to the rank of Captain from December 20, 1973."

The petition for writ of mandate charged that the commission action was "arbitrary, capricious, unreasonable, and constituted a prejudicial abuse of discretion." In support of this claim, petitioner asserted numerous alleged deficiencies in the proceeding. Most of these have been eliminated by the trial court's ruling excluding from consideration certain evidence received by the commission and by petitioner's limitation of the issues on appeal in the briefs filed in this court. The only challenge to the commission's decision urged by petitioner on appeal, which was also asserted in the superior court,[1] is the claim that the commission's findings upholding charges two and four "were not proven to a reasonable certainty as required by law."

---

[1]Though such a claim (based on *Skelly* v. *State Personnel Bd.*, 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774]) is asserted in this appeal, petitioner did not, in the trial court, attack the commission order insofar as it failed to order back pay at the rate applicable to the rank of chief deputy from December 20, 1973.

The petition for writ of mandate came on for hearing on June 9, 1975, and was submitted on the record of the administrative proceeding, memoranda of points and authorities filed by the parties, and oral argument. At the conclusion of the oral argument, the court orally stated its intended decision to sustain the findings of the civil service commission. Findings were signed and filed by the court. Those pertinent to the issues on this appeal were findings Nos. 4 and 5 which read as follows:

"4. The Court in the exercise of its independent judgment[2] on the evidence received before it finds *by the weight of the evidence but not by clear and convincing evidence* as urged by Petitioner that in the year 1970 a forged or altered Jailer's Correspondence Course Certificate was submitted with Petitioner's knowledge to P.O.S.T. in support of his application for an advanced certificate.

"5. The Court in the exercise of its independent judgment on the evidence received before it finds *by the weight of the evidence but not by clear and convincing evidence,* that during the year 1970 Petitioner submitted an application to P.O.S.T. for an advanced certificate; that in support of that application Petitioner either included a letter or caused to be included a letter dated June 5, 1970 from Mr. Wendell Lowry, addressed 'To Whom it May Concern,' which letter, in part, documented some 26 service training hours; that Mr. Lowry's letter was utilized by the Petitioner to support his application, despite the fact that Petitioner knew that the letter had been altered to indicate that the courses referred to within the letter were four hours rather than two hours as originally stated by Mr. Lowry." (Italics added.)

Based on the findings, the court concluded that the determination of the commission should be upheld. A judgment denying the peremptory writ and affirming the commission decision was entered.

---

[2]The court had previously noted, "There is no dispute that in considering the Writ of Mandamus regarding the case at bench, this Court is necessarily bound by the rule enunciated by the Supreme Court in SKRUMSKY [*sic*] vs. SAN DIEGO COUNTY EMPLOYEES RETIREMENT ASSN, 11 C 3rd 28, and thus must reweigh the evidence and exercise an independent judgment in order to determine if there has been an abuse of discretion, . . ."

The applicability of the *Strumsky* requirement, on the basis that petitioner's right to continued employment was a "fundamental vested right," is not questioned by respondents in this appeal.

## CONTENTS

Petitioner raises two narrow legal issues. He contends: (1) "The standard of proof to be applied by the court in a proceeding pursuant to Code of Civil Procedure section 1094.5 to review a disciplinary decision of an administrative agency is that of clear and convincing evidence"; thus, the court's findings Nos. 4 and 5 do not support the conclusion that the commission's determination "was not an abuse of discretion," and (2) petitioner was dismissed without prior hearing in violation of due process and is, therefore, entitled to back pay at the rate applicable to the rank of chief deputy from December 20, 1973, to the date of the commission order demoting him to captain.

Respondents contend: (1) that the standard of proof applicable in the trial court was that of the weight or preponderance of the evidence supporting the findings of the commission, and (2) that petitioner's due process argument is not available to him since it was not raised in the trial court.

■ *The Standard of Proof Upon "Independent Judgment"*
*Superior Court Review of Administrative Decisions Is*
*Simply the Weight or Preponderance of the Evidence*

Petitioner asserts "No judicial decisions have directly addressed the issue of the standard of proof to be applied by the court in an administrative mandamus proceeding thereby leaving a vacuum in the status of the law." We find no such vacuum.

Code of Civil Procedure section 1094.5 specifies that in administrative mandamus "cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence."

In *Strumsky* v. *San Diego County Employees Retirement Assn.*, 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29], our Supreme Court held that the decisions of local administrative agencies affecting fundamental vested rights required review according to the "independent-judgment standard." In stating its conclusion, the court simply repeated the language of Code of Civil Procedure section 1094.5 as follows (*id.*, at p. 32): "If the order or decision of the agency substantially affects a fundamental vested right, the trial court, in determining under section

1094.5 whether there has been an abuse of discretion because the findings are not supported by the evidence, must exercise its independent judgment on the evidence and find an abuse of discretion if the findings are not supported *by the weight of the evidence.*" (Italics added.)

The apparent source of the language of both section 1094.5 and of our Supreme Court in *Strumsky* which cites it, is the opinion in *Drummey* v. *State Bd. of Funeral Directors,* 13 Cal.2d 75 [87 P.2d 848], in which the court established the constitutional requirement of independent judgment review and applied it to statewide agencies not vested with judicial powers.[3] In *Drummey,* the court said (*id.,* at pp. 84-85):

"After considering the various possibilities, we can see no escape from the conclusion that in such a proceeding the court to which the application for mandate is made must weigh the evidence, and exercise its independent judgment on the facts, as well as on the law, if the complaining party is to be accorded his constitutional rights under the state and federal Constitutions. . . .

". . . . . . . . . . . . . . . . . .

"In view of these principles, it necessarily follows that the court to which the application for mandate is made to secure the restoration of a professional license must exercise *an independent judgment* on the facts. This does not mean that the preliminary work performed by the administrative board in sifting the evidence and in making its findings is wasted effort. As was pointed out in the St. Joseph Stock Yards case, *supra,* [298 U.S. 38, 52 (80 L.Ed. 1033)] in weighing the evidence the courts can and should be assisted by the findings of the board. The findings of the board come before the court with a strong presumption of their correctness, and the burden rests on the complaining party to convince the court that the board's decision *is contrary to the weight of the evidence.*" (Italics added.)

 A decision which is contrary to the weight of the evidence is one which is contrary to the preponderance of the evidence. The purpose for which a court normally weighs the evidence is to determine which way it preponderates on a given issue. Evidence Code section 115 provides in

[3]It is clear that the "independent judgment" referred to in *Strumsky* is the same "independent judgment" referred to in *Drummey*; in *Strumsky,* it is stated that there is no "rational or legal justification for distinguishing with regard to judicial review between, on the one hand local agencies . . . and, on the other, state agencies of legislative origin having statewide jurisdiction." (11 Cal.3d at p. 32.)

pertinent part: "Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence." Thus, an unexplained statement that a reviewing court shall weigh the evidence is a statement that it shall determine whether the evidence preponderates in favor of, or against, the administrative decision under review. Such interpretation is also required by the long standing practice of courts in this state to define "preponderance of the evidence" in terms of the weight of the evidence. For example, in *People* v. *Miller,* 171 Cal. 649, 652-653 [154 P. 468], our Supreme Court defined "preponderance of the evidence" as follows: "The term simply means what it says, viz., that *the evidence on one side outweighs, preponderates over,* is more than, the evidence on the other side, not necessarily in number of witnesses or quantity, but in its effect on those to whom it is addressed. As good a definition as we have found is that given in *Hoffman* v. *Loud,* 111 Mich. 156 [69 N.W. 231], where it is said: 'In civil cases a preponderance of evidence is all that is required, and by a "preponderance of evidence" is meant such evidence as, when weighed with that opposed to it, has more convincing force, and from which it results that the greater probability is in favor of the party upon whom the burden rests.' " (Italics added.)

Thereafter, in *Noll* v. *Baida,* 202 Cal. 98 [259 P. 433], our Supreme Court, in rejecting a claim that fraud was required to be proved by clear and convincing evidence, said *(id.,* at p. 101): "So in civil cases tried without a jury where fraud is an issue, *it is for the trial court to determine the weight of the evidence,* and while it cannot find fraud upon a mere suspicion, yet if there is any substantial evidence tending to prove fraud, it is for the trial court to determine whether such evidence *outweighs or preponderates over* that adduced in opposition thereto, and when the trial court has found that such evidence does so preponderate, its decision thereon is final, and an appellate court has no right or authority to disturb such a finding, even though the appellate court may be of a contrary opinion as to the weight of such evidence (*Tucker* v. *Beneke,* 180 Cal. 588 [182 Pac. 299]; *Mead* v. *Mead,* 41 Cal.App. 280 [182 Pac. 761])." (Italics added.)

The phrase "determine the weight of the evidence" in *Noll* is virtually identical with that contained in Code of Civil Procedure section 1094.5, "if the court determines that the findings are not supported by the weight of the evidence," and the language in *Strumsky,* "if the findings are not supported by the weight of the evidence." The function of the trial court in administrative mandamus is, therefore, to examine the evidence favoring the administrative determination and "to determine whether

such evidence outweighs or preponderates over that adduced in opposition thereto. . . ." (*Noll* v. *Baida, supra*, 202 Cal. at p. 101.)

In support of his claim of a higher standard of proof, petitioner cites Court of Appeal decisions stating that in administrative proceedings to discipline public employees, "the burden of proof is upon the party asserting the affirmative . . . and that guilt must be established to a reasonable certainty." (*Cornell* v. *Reilly*, 127 Cal.App.2d 178, 184 [273 P.2d 572]; see also *Johnstone* v. *City of Daly City*, 156 Cal.App.2d 506, 515 [319 P.2d 756].) These authorities, which rely upon the rule relating to charges of unprofessional conduct on the part of attorneys (see *Skelly* v. *State Bar*, 9 Cal.3d 502, 508 [108 Cal.Rptr. 6, 509 P.2d 950]), appear to conflict with the statement of our Supreme Court in *Skelly* v. *State Personnel Bd., supra*, 15 Cal.3d at page 204, footnote 19, that "[a]t such hearing, the appointing power has the burden of proving by a preponderance of the evidence the acts or omissions of the employee upon which the charges are based and of establishing that these acts constitute cause for discipline under the relevant statutes. . . ."

In any event, the standard of proof in the original administrative proceedings is wholly irrelevant to the standard of proof applicable to a review of such proceedings. For example, *Johnstone* v. *City of Daly City, supra*, 156 Cal.App.2d 506, a principal authority relied upon by petitioner for the proposition that the standard of proof "in disciplinary administrative proceedings" requires that the charges "be established to a reasonable certainty" based its reversal of the trial court judgment denying a writ of mandate upon the conclusion there was no "substantial evidence to support the order of the city council," thereby applying upon review a standard of proof even lower than that of "preponderance of the evidence."

A similar situation exists in regard to the review of factual determinations in criminal trials where the standard of proof in the initial proceeding is proof beyond a reasonable doubt. Nonetheless, on review of such findings, the "substantial evidence" test is applied. This longstanding rule was recently reaffirmed in *People* v. *Kunkin*, 9 Cal.3d 245, 250 [107 Cal.Rptr. 184, 507 P.2d 1392, 57 A.L.R.3d 1199], where the court said: "The substantial evidence rule has received extended discussion and express reaffirmation in several of our recent cases. In *People* v. *Mosher* (1969) 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659], we observed that 'this court must view the evidence in a light most favorable to respondent and presume in support of the judgment the

existence of every fact the trier could reasonably deduce from the evidence. . . . If the circumstances reasonably justify the trial court's findings, an appellate court cannot reverse merely because the circumstances might also be reasonably reconciled with a contrary finding. . . . The test on appeal becomes whether *substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt.*' " (Italics added.)

The foregoing authorities establish that the standard of proof on review of factual determinations of a tribunal is not a function of the standard of proof in the original proceedings before such tribunal. The standard of proof on review is, instead, governed by the degree to which it is appropriate to presume correctness of such determinations. The holding in *Strumsky* that an "independent judgment" review is appropriate in the case of local administrative agency findings affecting vested fundamental rights is a determination that, as stated in *Drummey*, such findings "come before the court with a strong presumption of their correctness . . . ." (13 Cal.2d at p. 85.) Though this presumption does not invoke the substantial evidence test, it does require the party challenging such findings to "convince the court that the board's decision is contrary to the weight of the evidence." (*Ibid.*)

■ *The Issue of Petitioner's Right to a Hearing*
*Before Imposition of Discipline May*
*Not Be Raised for the First Time on Appeal*

The effect of the commission's ruling reinstating petitioner with back pay at the rate applicable to the rank of captain from December 20, 1973, was to impose discipline in the form of reduction in rank without any prior notice of charges and opportunity to respond. Assuming that the rule announced in *Skelly* v. *State Personnel Bd., supra,* 15 Cal.3d 194, 215, is applicable to demotion of public employees,[4] such demotion was not effective until after the hearing was completed.

■ The relief to which a public employee is entitled when he has been disciplined without prior notice and an opportunity to respond and subsequently has been validly disciplined after a proper hearing is an award of the pay applicable to the position from the time of the immediate discipline to the date of filing of the board's decision. *Barber*

[4]Our Supreme Court has not ruled squarely on this point. The Court of Appeal, Third Appellate District, holds in *Ng* v. *State Personnel Bd.* (1977) 68 Cal.App.3d 600 [137 Cal.Rptr. 387], that the *Skelly* rule is applicable to demotions.

v. *State Personnel Bd.,* 18 Cal.3d 395, 400 [134 Cal.Rptr. 206, 556 P.2d 306], makes it clear that this rule is retroactively applicable to pending cases. Consequently, had petitioner raised the point in the superior court, he would (if the above assumption is correct) have been entitled to a judgment awarding him the difference between the pay at the rate applicable to captain and that applicable to chief deputy.

However, petitioner did not, in the superior court, present any claim that his due process rights were violated by the board's failure to provide back pay at the rate applicable to chief deputy. A similar situation was presented in *Wilson* v. *State Personnel Bd.,* 58 Cal.App.3d 865, 882-883 [130 Cal.Rptr. 292], where the court said: "If he had raised the due process issue in the superior court, Wilson's contention would be upheld (at least to the extent that he is not estopped to claim retroactive pay by himself delaying the hearing). Such was the case in *Keely* v. *State Personnel Board* (1975) 53 Cal.App.3d 88 [125 Cal.Rptr. 398] and *Kristal* v. *State Personnel Bd.* (1975) 50 Cal.App.3d 230 [123 Cal.Rptr. 512], as well as *Skelly, supra.* But here the issue was never mentioned until the filing of Wilson's respondent's brief on appeal. The general rule is that contentions not raised in the trial court may not be raised for the first time on appeal. (5 Cal.Jur.3d, Appellate Review, § 480, p. 117 et seq.) *Skelly* v. *State Personnel Board, supra,* did not change that basic rule."

*Barber* is not inconsistent with *Wilson.* In *Barber,* as the court stated in its opinion (18 Cal.3d at p. 399): "The petition alleged the disciplinary action violated plaintiff's right to due process because punitive measures were imposed prior to the time plaintiff was afforded a hearing, . . ." Thus, in *Barber,* the plaintiff had raised the due process issue in the superior court.

Petitioner claims applicability of an exception to the general rule "when to have raised that issue at the trial level would have required an unreasonable anticipation of unforeseen changes in the law." This exception, however, is not applicable. The employee in *Barber,* whose petition was filed prior to the decision in *Skelly,* anticipated that decision and properly raised the point. Moreover, in *Barber,* our Supreme Court held that after the decision of the United States Supreme Court in *Arnett* v. *Kennedy* (1974) 416 U.S. 134 [40 L.Ed.2d 15, 94 S.Ct. 1633], it was clearly foreseeable that the decision in *Skelly* was mandatory. The *Barber* court stated in this respect (18 Cal.3d at p. 401): "As evidenced by the above discussion of the decision in *Arnett,* the question whether a permanent civil service employee possesses a right to due process in

disciplinary proceedings was far from settled prior to the *Arnett* ruling. Further, the nature and extent of the procedural safeguards required were also unsettled before *Arnett*. Thus, prior to the high court's decision, the change in the law effected by this court's decision in *Skelly* was not realistically foreseeable. After the Supreme Court's *Arnett* ruling, however, the change was clearly foreseeable; in fact, the change was mandated by the high court's ruling."

If *Skelly* was "clearly foreseeable" by the State Personnel Board from 1974 on, it was foreseeable by petitioner.

The judgment is affirmed.

Ford, P. J., and Allport, J., concurred.