[Civ. No. 54348. Second Dist., Div. Four. May 24, 1979.]

DENNIS A. DAVIS, Plaintiff and Respondent, v.
CIVIL SERVICE COMMISSION OF LOS ANGELES COUNTY et al.,
Defendants and Appellants.

**COUNSEL**

John H. Larson, County Counsel, William F. Stewart, Chief Deputy County Counsel, and Joe Ben Hudgens, Deputy County Counsel, for Defendants and Appellants.

Fogel, Julber, Reinhardt, Rothschild & Feldman, Lester G. Ostrow, Joel N. Klevens and James L. Marable for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—The civil service commission and the individual members thereof appeal from the judgment of the superior court granting a writ of mandate ordering that Dennis Davis, respondent, be reinstated as deputy sheriff, with back pay and benefits for the period from August 13, 1975, to November 24, 1976. This period represents the interval between respondent's discharge by the sheriff and the decision of the civil service

commission upholding the discharge. Respondent did not seek to have his discharge set aside, but merely sought to have it take effect on November 24, 1976, so that he would receive back pay.[1]

Respondent's contention that his discharge was not effective until November 24, 1974, was based on the fact that, prior to his discharge on August 13, 1975, he had not been given notice of the proposed discharge or the opportunity to respond, in accord with *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774].[2] *Skelly* was decided on September 16, 1975, over a month after respondent's discharge. The trial court below applied the rule of *Skelly* retroactively in accord with *Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395 [134 Cal.Rptr. 206, 556 P.2d 306].[3]

The issue before this court is whether the rule of *Skelly* should be applied retroactively to civil service proceedings before a local government board, in the same manner as the rule of *Skelly* is applied retroactively to proceedings before the State Personnel Board.

Appellants first argue that the trial court was required to consider the potential costs to the county that would be caused by retroactive application of *Skelly*. Appellants also argue that the trial court erred in its view that *Barber* v. *State Personnel Board* (1976) 18 Cal.3d 395 [134 Cal.Rptr. 206, 556 P.2d 306], settled the issue of whether the *Skelly* doctrine would be applied retroactively in a case involving the Civil Service Commission of the County of Los Angeles.

Appellants reason that, since the *Barber* case involved the discharge of an employee of the State of California, and not a local employee, the rule of *Barber* need not apply here. Appellants argue that, since in *Barber* the court considered both whether the *Skelly* doctrine was foreseeable and whether the retroactive application of the *Skelly* doctrine would be too costly for the state, in determining whether to apply *Skelly,* since we are here dealing with a separate entity (the County of Los Angeles) we may also consider the costs to Los Angeles County in deciding whether to apply *Skelly* retroactively.

---

[1]Respondent was discharged as a deputy sheriff for exposing himself to three small children. Both the civil service commission and its hearing officer found that respondent engaged in the misconduct and that his discharge was warranted.

[2]*Skelly* specified minimum procedural safeguards required by due process prior to the removal of a public employee who has a protected interest in his continued employment.

[3]*Barber* held *Skelly* was to be applied retroactively to all pending cases.

Appellants continue this line of reasoning by arguing that, although the state's exposure to back pay liability is limited by Government Code sections 19575 and 19630, section 19630 does not apply to local governments. Appellants conclude it would be too expensive to apply the rule of *Barber* to local governments.

I

We do not agree that the rule of *Barber* is limited to cases involving discharge of state civil service employees. The minimum procedural safeguards that are required by *Skelly* prior to the removal of an employee who has a protected interest in continued employment is a fundamental right guaranteed by the due process clause of the Constitution. We see no valid reason not to apply that rule retroactively where the dismissing employer is the state, and not apply the rule retroactively where the dismissing employee is the county.

The *Skelly* case focused not on the fact that the governmental entity dismissing the employee was the state, but that the petitioner therein was a civil service employee, who has a property interest in continuation of his employment which is protected by the due process clause of the Constitution. In the case at bar, petitioner herein was also a civil service employee who had a property interest in the continuation of his employment which is protected by due process. In determining questions of retroactivity, there is no reason to focus on what governmental entity is dismissing petitioner.

Some language in a suit against the University of California is pertinent here. The court said, "[T]he crucial determination whether an employee should be accorded the minimum due process safeguards prior to discharge ought not, and does not, turn on the eventuality that he is employed in the civil service system or works for an educational institution and/or on the fortuitous circumstance that the educational institution has a tenure system whereby a certain class of employees enjoys special rights and privileges separate and distinct from other classes of employees. *The overriding consideration rather is whether the employee has a constitutionally protected interest in his continued employment.. . . .* [I]n order to resolve this crucial issue, we must look to the nature of the interest at stake and pay special attention to the rules and tacit understandings of the parties." (*Mendoza* v. *Regents of University of California* (1978) 78 Cal.App.3d 168, 173-174 [144 Cal.Rptr. 117].) [Italics in original.] If an employee is subject to discharge only for cause, he has a

property interest which is entitled to constitutional protection. (*Arnett* v. *Kennedy*, 416 U.S. 134 [40 L.Ed.2d 15, 94 S.Ct. 1633].) An employee establishing existing rules and understandings, promulgated by officials that justify his legitimate claim of entitlement to continued employment absent sufficient cause, has a property interest in such continued employment within the purview of the due process clause. (*Skelly* v. *State Personnel Bd.*, 15 Cal.3d 207 [124 Cal.Rptr. 14, 539 P.2d 774].)

In the case at bar petitioner was subject to discharge only for cause, and as such, he has a property interest which is entitled to constitutional protection. (*Arnett* v. *Kennedy, supra,* 416 U.S. 134.) Since the overriding question is whether the employee has a constitutionally protected interest in his continued employment (*Mendoza* v. *Regents of University of California, supra,* 78 Cal.App.3d 168) and since we have determined that petitioner has such a constitutionally protected interest, the court below properly applied the rules of *Skelly* and *Barber* to a discharge by a local agency. Thus the important question in *Skelly* is not whether the dismissing agency is statewide or local, but whether the petitioner has a constitutionally protected interest in continued employment. Similarly, questions of retroactivity should not depend on whether the dismissing agency is statewide or local.

Appellants argue that, although Skelly may well apply to local agencies, *Barber* does not. That is, appellants argue that this court should determine costs to the county prior to determining whether *Barber* applies.

Several cases have already determined that *Barber* required retroactive application of *Skelly* to local governmental agencies. Although these cases did not expressly discuss the arguments that appellants raise in the case at bar, the rules of *Skelly* and *Barber* have been applied to cases involving dismissal of employees working for entities other than the state where the employees had a property interest in continued employment. (For example, see: *Bussey* v. *Los Angeles County Civil Service Com.*[4] (1977) 72 Cal.App.3d 912 [140 Cal.Rptr. 394]; *Chamberlain* v. *Ventura County Civil Service Com.* (1977) 69 Cal.App.3d 362, 371 [138 Cal.Rptr.

---

[4]In *Bussey* the court found that the requirements of *Skelly* were satisfied in that the employee had had notice and an opportunity to respond. The *Bussey* court found that the rule of *Barber* was applicable.

155];[5] *Cole* v. *Los Angeles Community College Dist.* (1977) 68 Cal.App.3d 785, 790 [137 Cal.Rptr. 588].[6])

And recently in *Kirkpatrick* v. *Civil Service Com.* (1978) 77 Cal.App.3d 940 [144 Cal.Rptr. 51], this district held *Skelly* and *Barber* applicable to an action brought by a probation officer against the Civil Service Commission of the County of Los Angeles. And, in *Mendoza* v. *Regents of University of California* (1978) *supra,* 78 Cal.App.3d 168, the First Appellate District applied *Skelly* and ordered an award of back pay pursuant to *Barber* for a dismissal of a University of California employee.

## II

Appellants argue that the inapplicability of Government Code section 19630 to local entities makes *Barber* distinguishable from the case at bar. Appellants argue that under section 19630, all claims by an employee are barred unless the employee sought review in 90 days, and since the number of employees who will seek review in 90 days are a relatively small number, the number of cases affected by retroactively applying *Skelly* is very small, and the cost to the state is therefore small. Appellants argue that, since section 19630 does not apply to local governments, there is nothing to limit the number of cases against local governments, and the cost of applying *Skelly* retroactively to local governments could be prohibitive. However, in *Ng* v. *State Personnel Bd.* (1977) 68 Cal.App.3d 600, 607 [137 Cal.Rptr. 387] the court noted that the states' liability for back pay accruing prior to the personnel board's decision under *Skelly* and *Barber* is not extinguished if review is not sought within 90 days. Therefore, appellants' argument in this regard is not well taken.

Also, appellants have not shown that there would be a proliferation of costly claims against the county by applying *Barber* to cases where the employing entity is the county and not the state. Finally, we can not reasonably and logically deprive an employee of a constitutionally protected property right, simply because the employing agency is the county and not the State of California. Appellants have shown no good reason to depart from those cases which have already applied the rule of *Barber* to cases involving employees of institutions other than the State of California.

---

[5]In *Chamberlain,* the employee failed to raise the due process issue in the trial court and was precluded from doing so on appeal. However, under *Barber, Skelly* would have been applicable to this case.

[6]In *Cole,* the court reversed with directions to award back pay in accord with *Barber.*

The judgment is affirmed.

Alarcon, J., concurred.

**FILES, P. J.,** Dissenting.—I would hold the dismissal effective on October 31, 1975, which was the date of the first hearing at which plaintiff had the opportunity to contest the dismissal. The reasoning of *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 215 [124 Cal.Rptr. 14, 539 P.2d 774], and *Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395, 403 [134 Cal.Rptr. 206, 556 P.2d 306], does not require that the delinquent employee be kept on the public payroll for as long as he can keep the administrative proceedings alive. (See *Bussey* v. *Los Angeles County Civil Service Com.* (1977) 72 Cal.App.3d 912, 922 [140 Cal.Rptr. 394].)