[Civ. No. 58396. Second Dist., Div. Five. Mar. 9, 1981.]

EDREAN MIMS, Plaintiff and Appellant, v.
LOS ANGELES COMMUNITY COLLEGE DISTRICT,
Defendant and Respondent.

COUNSEL

Salvatore Coco for Plaintiff and Appellant.

Robert J. Henry and Mary L. Dowell for Defendant and Respondent.

OPINION

**OLDER, J.\***—Appeal from a judgment denying appellant's amended petition for a writ of mandate seeking to set aside respondent's decision to terminate appellant's employment.

Appellant was employed by respondent as a permanent classified employee in the position of custodian from November 1969 to February 1975. On February 24, 1975, she was suspended for various reasons as set forth in a statement of charges received by her. Her suspension was precipitated by a physical altercation between appellant and her supervisor on February 21, 1975, in which appellant was the aggressor. Under appellant's version of the facts she received a notice of unsatisfactory service on or about March 1, 1975, and a statement of charges on or about March 12, 1975, informing her of her suspension from February 24, 1975, to March 20, 1975, and of her dismissal effective March 20, 1975. Appellant appealed her dismissal and a hearing on the appeal was heard before a hearing officer of respondent's personnel commission in May 1975. The hearing officer rendered a proposed decision upholding appellant's dismissal, and in July 1975, respondent's personnel commission adopted the proposed decision. On September 27, 1977, appellant filed a claim for damages with respondent. In October 1977, appellant filed a petition for a writ of mandamus in the superior court.

---

*Assigned by the Chairperson of the Judicial Council.

The hearing officer's proposed decision upheld appellant's dismissal on the charges of discourteous treatment of fellow employees, frequent unexcused absence or tardiness, and insubordination. The hearing officer determined that appellant's problem was primarily one of "employee attitude," and that notwithstanding that appellant's supervisors had "exhibited a considerable amount of tolerance and engaged in a substantial amount of counseling," appellant "failed to significantly modify her attitude."

■ Appellant first contends that she was denied due process as a result of respondent's failure to comply with the statutory procedures set out in Education Code sections 88121-88125 and applicable case law.

■ Appellant made no request for findings of fact and conclusions of law from the trial court. The failure to so request is equivalent to a waiver. "On this state of the record every intendment is in favor of the judgment, and it is presumed that every fact essential to the support of the judgment was proved and found by the court." (*Bekins Van Lines, Inc.* v. *Johnson* (1942) 21 Cal.2d 135, 137 [130 P.2d 421].)

Although appellant failed to provide a record of the evidence taken by the hearing officer, we have augmented the record on our own motion to include the transcript of the testimony before the hearing officer and the exhibits to the amended petition for a writ of mandate. Where the record is available, the test is whether there is substantial evidence to support the judgment (*Bank of Costa Mesa* v. *Losack* (1977) 74 Cal.App.3d 287, 291 [141 Cal.Rptr. 550]), and if the implied findings are supported by substantial evidence, the judgment must be affirmed. (*Ellena* v. *State of California* (1977) 69 Cal.App.3d 245, 254 [138 Cal.Rptr. 110].)

■ Although appellant was dismissed from her position prior to the California Supreme Court decision in *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774], respondent contends that appellant's dismissal conformed to the requirements of *Skelly*.

The trial court specifically referred to the application of *Skelly* to the instant case. The court also considered the physical altercation between appellant and her supervisor. It is presumed that in denying the writ the court found that the altercation constituted an emergency and that

*Skelly* permitted the subsequent disciplinary action in the circumstances of that emergency. The evidence supports an implied finding that it was unsafe to give appellant an opportunity for further confrontation on the job in order to prevent harm to another employee. Appellant's supervisors had consistently tried to work with her, exhibited a considerable amount of tolerance for her behavior, and had counseled her from time to time. Appellant failed to "significantly modify her attitude" as found by the hearing officer.

Appellant had ample opportunity to respond to the notice of unsatisfactory service of February 26, 1975, and the statement of charges, which were transmitted together to appellant on March 5, 1975, but she failed to do so before the recommendation of termination was acted upon by the board of trustees on March 20, 1975.

The instant case has a factual similarity to *Bussey* v. *Los Angeles County Civil Service Com.* (1977) 72 Cal.App.3d 912 [140 Cal.Rptr. 394], where the court was persuaded by the course of counseling attempted by the employee's supervisors that the requirements of *Skelly* had been satisfied. The employee in *Bussey* received notices of poor performance evaluations. She was asked to meet with her supervisor, but refused, just as appellant demonstrated a totally uncooperative attitude to requests and instructions made to her. After the employee in *Bussey* was terminated, she was afforded an opportunity to challenge the discharge before the civil service commission. In the instant case appellant was afforded an opportunity to challenge her termination before respondent's personnel commission. Appellant's citation to *Cole* v. *Los Angeles Community College Dist.* (1977) 68 Cal.App.3d 785 [137 Cal.Rptr. 588] is inapposite for the reason that in *Cole* the district admitted that the procedure did not conform to the procedural requirements mandated in *Skelly, supra*. The evidence supports the trial court's implied finding that there was no denial to appellant of due process within the requirements of *Skelly*.

Appellant next contends that her termination violated specific procedural requirements of the Education Code. She argues (1) that the personnel director violated the statute regarding service upon her of the written charges because the charges were prepared by an employee who was not the personnel director; (2) that the statement of charges was not given to her within 10 days of her suspension as required by section 88123 of the Education Code; (3) that the determination to suspend her on February 24, 1975, and to dismiss her on March 20, 1975, was made

by both her supervisor and the personnel director and not by the board of trustees as required by law; (4) that respondent violated rule 903 of the personnel commission regarding the giving of notice of unsatisfactory service to appellant; (5) that the findings in the administrative proceeding of discourteous treatment of fellow employees, unexcused absences and tardiness, and insubordination on the part of appellant are not supported by the evidence; and (6) the penalty imposed on appellant is excessive as a matter of law. We conclude that there is no merit in any of appellant's contentions.

As to the allegations that appellant did not receive the statement of charges within 10 days as required by section 13742, and that the determination to dismiss her was made by the vice-chancellor for personnel services and not by the governing board as required by sections 13703 and 13742, neither of these contentions was asserted by appellant before either the personnel commission or the trial court and may not be raised for the first time on appeal. (*Chamberlain* v. *Ventura County Civil Service Com.* (1977) 69 Cal.App.3d 362 [138 Cal.Rptr. 155].)

Appellant timely received a copy of the statement of charges against her. No prejudice resulted to appellant because the charges may have been filed by a person other than the one specified in the statute. The statutory scheme requires that the governing board of the district take disciplinary action and that the personnel commission act as an appellate body to review the board's action. (*California Sch. Employees Assn.* v. *Personnel Commission* (1970) 3 Cal.3d 139 [89 Cal.Rptr. 620, 474 P.2d 436].) When appellant was served with a copy of the charges against her by the vice chancellor of the personnel services division, respondent conformed to applicable law providing for the governing board to take disciplinary action and for the personnel commission to hear appeals. Respondent also complied with its own rule 7350G which requires the personnel division, not the personnel director, to file such charges.

Appellant's contention that respondent violated rule 903 of the personnel commission because the notice of unsatisfactory service was issued less than 10 days before appellant was suspended is without merit. The rule by its terms does not apply to suspensions, but is limited to demotion and dismissal.

■ Appellant's next contention that the evidence is insufficient to support the findings in the administrative proceeding regarding her conduct is equally without merit. In the absence of findings in the trial court it will be presumed that every fact essential to the support of the judgment was proved and found by the court. (*Bekins Van Lines, Inc.* v. *Johnson, supra.*) The evidence in the administrative proceeding of appellant's sorry employment record and conduct is more than adequate to support the judgment.

■ Finally, appellant contends the penalty of dismissal is excessive as a matter of law. Presumably, the trial court weighed the evidence and rendered its independent judgment. (*Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29].) There is no suggestion that the court abused its discretion. A mere difference of opinion as to the interpretation of the facts is insufficient to support a finding that the court abused its discretion. (*In re Richard E.* (1978) 21 Cal.3d 349, 354 [146 Cal.Rptr. 604, 579 P.2d 495].) In the absence of a clear demonstration of abuse of discretion the judgment will be affirmed. (*Whitcombe* v. *County of Yolo* (1977) 73 Cal.App.3d 698, 702 [141 Cal.Rptr. 189].

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.