[No. G000130. Fourth Dist., Div. Three. Jan. 22, 1985.]

CHARLES GARDNER, Plaintiff and Appellant, v.
COMMISSION ON PROFESSIONAL COMPETENCE,
Defendant and Respondent;
BOARD OF EDUCATION OF THE TUSTIN UNIFIED SCHOOL
DISTRICT, Real Party in Interest and Respondent.

**[Opinion certified for partial publication.\*]**

*See footnote, *post,* page 1038.

COUNSEL

Anthony C. Duffy for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Parker & Covert, Spencer E. Covert, Jr., and Margaret A. Chidester for Real Party in Interest and Respondent.

OPINION

**WALLIN, J.**—Charles Gardner appeals a judgment denying his petition for a writ of mandate to compel respondent Commission on Professional Competence (Commission) to set aside its order of dismissal and to compel respondent and real party in interest Board of Education of the Tustin Unified School District (District) to reinstate him as a permanent certificated employee. The superior court, using its independent judgment, upheld the findings of the Commission dismissing Gardner for immoral conduct (Ed. Code, § 44932, subd. (a)) and for evident unfitness to teach (Ed. Code, § 44932, subd. (e)). The judgment is affirmed.

Gardner was employed by the District as a teacher intern during the 1969-1970 school year. Thereafter, with the exception of two unpaid leaves of

absences in 1972-1973 and 1979-1980, he taught continuously at Tustin High School.

The District did not assign Gardner a regular classroom after he returned from his second leave. In November of 1980, the District's board adopted a written statement of specific charges against him alleging various acts of immoral conduct and unfitness to teach occurring during the 1978-1979 school year. Gardner demanded, and was afforded, a five-day evidentiary hearing before the Commission.

The Commission found 10 of the charges to be true by a preponderance of the evidence. The Commission found that during the fall semester of the 1978-1979 school year several incidents occurred during Gardner's jobs class. During this class, he invited one 15-year-old female student to lunch, and, on another occasion to go out, for an evening date. During another class session, he stroked a female student's open palm with the middle finger of his hand suggesting to her that he wanted to sleep with her. He invited yet another 15-year-old to attend a barbeque and beach party with him.

The Commission made several findings about the decorum Gardner established in his World Cultures class during the same fall semester. Although there were many freshmen students present, Gardner remarked on at least five occasions that one of the attractive female students had a "nice ass" and also on at least five occasions used the word "asshole." Throughout the year he was observed flirting with female students.

Gardner's spring semester of World Cultures was not without incident either. The Commission found that Gardner initiated a private conversation after class with a female student during which he questioned her about sleeping with her boyfriend and her use of contraceptives. The student was extremely embarrassed by the discussion. During one class session, Gardner gave the same student permission to borrow his backgammon board. When she opened the board she saw a plastic baggie with what appeared to be marijuana, zig zag papers, and a small silver bowl. She returned the board, but Gardner became red-faced, flustered, and embarrassed and told the class they had not seen anything and they were not to discuss the incident with anyone.

The Commission also made miscellaneous findings on conduct that occurred at various times throughout the year. He was observed smoking marijuana at an off-campus party by two Tustin High School students. He also invited several female students on separate occasions to activities or parties. Although many times these were organized as group activities, the

student recipients of Gardner's invitations thought they were being asked to attend the events alone with him. The invitations made them uncomfortable. The Commission specifically found that he invited one female student to a beach party at his home.

The superior court, concluding that the Commission's findings were supported by the weight of the evidence, denied the petition for a writ of mandate. On appeal, Gardner contends: (1) the Commission and the court applied an improper standard of proof; (2) the court's findings were not supported by substantial evidence;[1] (3) he was denied due process in his administrative hearing before the Commission; and (4) the court committed reversible error by refusing to render a statement of decision. These contentions, discussed in order below, are without merit.

## I*

The trial court provided a clear record on the central issue of the standard of proof. The court concluded in its intended decision "that the standard of proof . . . is to determine whether or not the findings of the Commission on Professional Competence are supported by the weight or preponderance of the evidence." The Commission also applied the same standard of proof, expressly rejecting Gardner's contention the findings had to be supported by clear and convincing proof to a reasonable certainty.

The superior court applied the appropriate standard of proof. In exercising its independent judgment, a superior court reviews the administrative decision to determine if the findings are supported by the weight of the evidence. (Code Civ. Proc., § 1094.5, subd. (c); *Chamberlain* v. *Ventura County Civil Service Commission* (1977) 69 Cal.App.3d 362, 367 [138 Cal.Rptr. 155].) ██ However, Gardner argues the administrative tribunal was required to apply the higher standard of clear and convincing proof

---

[1] Gardner also argues the superior court erred as a matter of law by finding him guilty of immoral conduct and evident unfitness to teach when there was insufficient evidence that his conduct inhibited his effectiveness as a teacher. (*Morrison* v. *State Board of Education* (1969) 1 Cal.3d 214 [82 Cal.Rptr. 175, 461 P.2d 375].) We have consolidated this argument with the broader issue of the substantiality of the evidence.

*Pursuant to California Rules of Court, rules 976 (b) and 976.1, parts II, III, and IV are not published as they do not meet the standards for publication.

to a reasonable certainty.[2] ■ The issue presented is whether the standard of proof in an administrative hearing to dismiss a teacher is preponderance of the evidence or clear and convincing proof to a reasonable certainty.

Gardner relies on professional license revocation cases requiring the higher standard of proof. (*Furman* v. *State Bar* (1938) 12 Cal.2d 212 [83 P.2d 12]; *Realty Projects, Inc.* v. *Smith* (1973) 32 Cal.App.3d 204 [108 Cal.Rptr. 71]; *Small* v. *Smith* (1971) 16 Cal.App.3d 450 [94 Cal.Rptr. 136].) However, the Commission did not, and could not, revoke Gardner's teaching credential. He remains eligible to teach in any school district in the state.

Having been discharged by one specific employer, Gardner's situation is analogous to state employees dismissed from state employment. (*Skelley* v. *State Personnel Board* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774]; *Pereyda* v. *State Personnel Board* (1971) 15 Cal.App.3d 47 [92 Cal.Rptr. 746].) The California Supreme Court has stated that the standard of proof to be used in state employment cases is a preponderance of the evidence. (*Skelley* v. *State Personnel Board, supra,* 15 Cal.3d at p. 204, fn. 19.)[3]

The distinction between teacher dismissal and license revocation proceedings is well recognized. " 'There is an undeniable . . . difference between the qualification of a man for the general practice of a profession and his fitness for some particular employment. Transient and local causes may render him undesirable in the latter case although his general fitness might be conceded. *There is a vast difference between the right of a board to take*

---

[2] We agree with Gardner that if the Commission had been required to apply the higher standard of proof, he would be entitled to a new hearing even though the superior court must employ the basic preponderance of the evidence test. Although two courts have held, "the standard of proof in the original administrative proceedings is wholly irrelevant to the standard of proof applicable to a review of such proceedings" (*Chamberlain* v. *Ventura County Civil Service Commission, supra,* 69 Cal.App.3d at p. 370; *Ettinger* v. *Board of Medical Quality Assurance* (1982) 135 Cal.App.3d 853, 858 [185 Cal.Rptr. 601]), there was no evidence in those cases the administrative agencies applied the wrong standard of proof. The findings of the agency come to the trial court, even in the "independent judgment" context " 'with a strong presumption of their correctness . . .' " (*Chamberlain* v. *Ventura County Civil Service Commission, supra,* 69 Cal.App.3d at p. 371, quoting *Drummey* v. *State Board of Funeral Directors* (1939) 13 Cal.2d 75, 85 [87 P.2d 848].) Therefore, an administrative agency is required to apply the proper standard of proof. (See *Ettinger* v. *Board of Medical Quality Assurance, supra,* 135 Cal.App.3d at p. 856.)

[3] *Johnstone* v. *Daly City* (1958) 156 Cal.App.2d 506 [319 P.2d 756], relied on by Gardner conflicts with the standard of proof enunciated more recently by the Supreme Court in *Skelley*. (*Chamberlain* v. *Ventura County Civil Service Commission, supra,* 69 Cal.App.3d 362, 370.)

*away a man's right to practice a profession by revoking his license and subjecting him to dismissal from a single employment after he had become subject to a substantial objection of his employer.'"* (*Johnson* v. *Taft School District* (1937) 19 Cal.App.2d 405, 407-408 [65 P.2d 912], italics added.)

Moreover in *Board of Trustees* v. *Stubblefield* (1971) 16 Cal.App.3d 820, 826 [94 Cal.Rptr. 318], the Court of Appeal reiterated the distinction. "Another substantial difference is that between the *revocation of a teacher's certificate* and dismissal from employment in a single school district. Thus the court stressed that a teacher 'is entitled to a careful and reasoned inquiry into his fitness to teach by the Board of Education *before he is deprived of his right to pursue his profession.*' (Italics added.)" (*Ibid.* quoting *Morrison* v. *State Board of Education, supra,* 1 Cal.3d at pp. 238-239.)

Since the findings of the administrative tribunal did not deprive Gardner of the right to practice his profession but merely terminated his employment with the Tustin Unified School District, the Commission employed the proper standard of proof. It found the preponderance or weight of the evidence supported ten of the specified charges. This is sufficient evidence to justify dismissal.

II*

. . . . . . . . . . . . . . . . . . . . . . .

The judgment of the superior court denying the petition for a peremptory writ of mandate is affirmed. Each party is to pay its own costs of appeal.

Trotter, P. J., and Crosby, J., concurred.

---

*See footnote, *ante,* page 1038.