[Civ. No. 44151. Second Dist., Div. One. July 30, 1975.]

STANLEY KRISTAL, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Appellant.

COUNSEL

D. Brandon Bernstein for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and David W. Halpin, Deputy Attorney General, for Defendant and Appellant.

OPINION

**THOMPSON, J.**—The case at bench involves cross-appeals. That of appellant Kristal (Employee) asserts that he was erroneously discharged from his position as a tenured teacher of mentally and emotionally disturbed children at Camarillo State Hospital and was denied procedural due process by the absence of an evidentiary hearing before his dismissal became effective. The appeal of California State Personnel Board (Board) argues that the trial court erred in holding that Employee's dismissal was not effective as of the date specified in a notice of punitive action served pursuant to Government Code section 19574 and did not become operative until after administrative action on a hearing on Employee's answer to the notice (Gov. Code, § 19575) became final. We conclude that Employee's contentions are not supported by the record and applicable precedent. We conclude also that, while the matter is by no means free of doubt, *Arnett* v. *Kennedy,* 416 U.S. 134 [40 L.Ed.2d 15, 94 S.Ct. 1633], decided after the trial of the case at bench, should be read as validating the effective date of dismissal adopted by the trial court.

Employee was employed as a tenured civil service employee serving as a teacher of emotionally and mentally disturbed children at Camarillo State Hospital.[1] On November 8, 1972, an adolescent emotionally

---

[1]Our recital of facts is taken largely from the precise and accurate memorandum of intended decision filed by trial Judge Robert R. Willard. Had not Employee's counsel

disturbed boy patient in Employee's class said he did not want to do any more school work. The boy knocked several books from a shelf to the floor and Employee ordered him to leave the classroom. When a psychiatric technician summoned by Employee arrived to remove the boy, Employee ordered the boy to pick up the books. The boy started to comply and then struck Employee lightly on the head with a book laughing as he did so. A graduate assistant arrived in the room to help. The boy picked up a chair and, from a distance of five to six feet, pointed it toward Employee in the manner of a lion tamer and then ran around the room to elude the psychiatric technician and graduate assistant. The technician and assistant caught the boy and successfully restrained him. When the boy was restrained, Employee left his desk and grabbed the boy by the neck causing the entire group to fall to the floor. The boy's face reddened while Employee held his neck. After the boy was on the floor in the restraint of the technician and assistant, Employee pushed his knee onto the boy's chest. The technician and assistant requested Employee to get off the boy. Employee did not do so and was forcibly removed by the technician while the assistant pulled the boy away.

On November 28, 1972, Employee, while in the doorway of his classroom, told a different patient, 14 years old, 5 feet tall, and weighing 90 pounds, to get out. Employee pushed the boy from behind, causing him to fall.

The incidents were reported to Employee's superiors. Employee was not given an opportunity to respond to these reports. On January 10, 1973, Employee was served with a notice of punitive action signed by the chief deputy director of the California Department of Mental Hygiene. The notice recites the incidents of November 8 and 28. It states that "Rule 84 of the Director's Rules for the governance of all employees of the Department of Mental Hygiene forbids employees to strike, abuse or inflict cruelty upon a patient," notifies Employee that he is discharged as of January 13, 1973, and specifies that the disciplinary action is taken for inexcusable neglect of duty within the meaning of Government Code section 19572, subdivision (d), and willful disobedience within the meaning of Government Code section 19572, subdivision (o).

changed his tack on appeal from that pursued in the trial court, that memorandum, which also contains a fine analysis of applicable case law, would have been adopted by us as our opinion on appeal, amplified only by case law established while this appeal was pending.

As permitted by statute, Employee answered the notice of punitive action. The matter was set for administrative hearing by a hearing officer of the State Personnel Board on February 13, 1973.

At the outset of the hearing, counsel for Board moved to amend the notice of punitive action by adding as an additional basis for termination of employment "failure of good behavior during duty hours of such a nature that it causes discredit to [the] employing agency within the meaning of Government Code Section 19572, subparagraph (t)." No change in the factual allegations of the notice was proposed in the motion to amend. No objection to the amendment was made by Employee and the motion to amend was granted.

Evidence at the administrative hearing established the facts of Employee's two assaults upon patients of Camarillo State Hospital while they were in attendance at Employee's classes at the institution. Employee did not deny that the assaults occurred. He presented evidence purporting to establish that his co-employees who testified against him were prejudiced and that he had been provoked into action by racial slurs. Counsel for Board presented no evidence of the content of rule 84 which the notice alleged Employee had violated. The allegation of willful disobedience of an order was stricken. The hearing officer found that the factual allegations of misconduct were true and that grounds for dismissal existed by reason of Employee's inexcusable neglect of duty and failure of good behavior during duty hours of such nature that it causes discredit to the employing agency. The hearing officer recommended that the dismissal of Employee be sustained upon the two grounds, "both separately and severally," the dismissal being effective January 13, 1973, as stated in the notice. The hearing officer's proposed decision was adopted by Board and Employee's petition for rehearing was denied on April 12, 1973, at which point the administrative decision became final, subject to judicial review.

On June 1, 1973, Employee filed his petition in administrative mandate pursuant to Code of Civil Procedure section 1094.5, commencing the case at bench. Applying the substantial evidence test to the record of the administrative hearing, the trial court determined that the findings of cause for dismissal were sustained. It rejected Employee's claims that the administrative agency prejudicially erred in permitting the amendment to the notice of punitive action and that the notice did not state facts sufficient to confer jurisdiction upon Board or a basis for disciplinary action because the allegation pertaining to rule 84 was

stricken. The trial court sustained Employee's contention, founded upon *Sniadach* v. *Family Finance Corp.*, 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820], and its progeny, that dismissal of a tenured public employee without a prior hearing at which a showing of validity of the charges against him is made violates the due process requirement of the United States and California Constitutions. Accordingly, the court ruled that Employee's dismissal was not effective as of January 13, 1973, as stated in the notice, but that it was effective on April 12, 1973, when the administrative decision after hearing became final.

Both Employee and Board appealed from the resulting judgment. In his opening brief, Employee contends: (1) the administrative action taken against him pursuant to the Government Code sections applicable to public employees in general is void because he was entitled to the procedure set forth in Education Code sections 13403 through 13413 dealing with discharge of public school teachers; (2) the Board prejudicially erred in allowing the amendment to notice of punitive action; (3) the findings of fact of Board and trial court do not sustain the conclusion that Employee committed the misconduct charged and the evidence does not support the findings of fact; and (4) having denied Employee a pretermination hearing on the charges against him, Board was without power to proceed so that Employee must be fully reinstated with "permanent tenure" and allowed all back pay to date. In his closing brief, Employee asserts for the first time that: (1) the trial court erroneously applied the substantial evidence test of review rather than applying its independent judgment to make findings of fact based upon the record in the administrative proceeding; (2) a 1970 amendment to the California Constitution eliminated the adjudicatory power of the State Personnel Board; and (3) the penalty imposed by Board was an abuse of its discretion. Board contends that no pretermination hearing is required in the dismissal of a tenured public employee so that the trial court's ruling that Employee's dismissal was effective on April 12 rather than January 13 is erroneous.

The issues presented to us, other than that pertaining to the possible requirement of a pretermination hearing, are properly the subject of summary disposition.

██ Article XXIV, section 4 of the California Constitution exempts from the jurisdiction of the state civil service system and consequently from the administrative jurisdiction of the State Personnel Board only "[t]he teaching staff of schools under the jurisdiction of the Department

of Education or the Superintendent of Public Instruction" (Cal. Const., art. XXIV, § 4, subd. (i)). Employee not having raised the issue made no showing before the administrative agency that the teaching staff of the school at Camarillo State Hospital was under the jurisdiction of the Department of Education or the Superintendent of Public Instruction. He made no such showing by evidence or request for judicial notice in the trial court and none in his briefs on appeal. Nor did Employee, at any stage of the proceedings, attempt to establish that the instructional function at Camarillo State Hospital was performed by a "school" so as to bring teachers at the institution within article IX of the California Constitution and the statutes governing discharge of public school teachers implementing it. (See art. IX, § 6, Cal. Const.) Employee's failure to establish a factual predicate for his contention that the procedure for discharge of a teacher employed by a school rather than for a civil service public employee should have been employed, the contention is not available to him on this appeal.

The amendment to the notice of punitive action is authorized by statute (Gov. Code, § 19575.5), added no new factual allegation but only a new legal theory sustained by the facts already alleged, and was accomplished without objection by Employee. Employee's contention on appeal of prejudicial error in the amendment is thus frivolous. So is Employee's contention that the findings of fact do not support the judgment and that the evidence before Board does not sustain the findings. That contention is founded upon the proposition that the reference to rule 84 having been stricken from the notice and no evidence of the content of the rule having been introduced, Employee cannot be held guilty of neglect of duty or misconduct in striking or using excessive force on patients in his care because the record discloses that Employee was not specifically instructed not to do so. We need not amplify the proposition that violation of a criminal statute proscribing assaultive conduct can be misconduct or neglect of duty by a public employee if it occurs in the course of his duty, irrespective of lack of an instruction to the employee that he should obey the law. **(2)** Similarly frivolous is Employee's contention that the trial court erred in applying the substantial evidence rather than independent judgment test of review of the record of the administrative hearing. The State Personnel Board is an agency with adjudicatory powers created by the California Constitution. (Cal. Const., art. XXIV, § 3: "The [State Personnel] board shall . . . review disciplinary actions.") Because of that status, the substantial evidence test governs judicial review of its determinations. (*Strumsky* v. *San Diego County Employees Retirement Assn.*, 11 Cal.3d 28, 35-36 [112

Cal.Rptr. 805, 520 P.2d 29].) Employee's argument that the 1970 repeal of former section 5 of article XXIV of the California Constitution removed the adjudicatory power of the State Personnel Board fails to mention that contemporaneously with the repeal of former section 5, section 3, expressly granting adjudicatory power to the board, was added to article XXIV. Employee's attack upon the penalty imposed by Board, coming as it does for the first time in Employee's closing brief, need not be considered in this appeal. (*Radinsky* v. *T. W. Thomas, Inc.,* 264 Cal.App.2d 75 [70 Cal.Rptr. 150].)

■ The contentions of Employee and Board with respect to the absence in the case at bench of an evidentiary hearing prior to the effective date of Employee's termination raise issues of substance. The federal and California constitutional protection against deprivation of property without due process of law (U. S. Const., 14th Amend.; Cal. Const., art. I, § 13) requires that in many situations existing rights of property not be disturbed prior to a determination on the merits of issues in controversy unless the dislocation is preceded by a hearing to determine the propriety of the prejudgment action. (See e.g., *Sniadach* v. *Family Finance Corp.,* 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820], prejudgment garnishment of wages; *Goldberg* v. *Kelly,* 397 U.S. 254 [25 L.Ed.2d 287, 90 S.Ct. 1011], termination of welfare benefits; *Bell* v. *Burson,* 402 U.S. 535 [29 L.Ed.2d 90, 91 S.Ct. 1586], suspension of driver's license; *Fuentes* v. *Shevin,* 407 U.S. 67 [32 L.Ed.2d 556, 92 S.Ct. 1983], prejudgment replevin; *Blair* v. *Pitchess,* 5 Cal.3d 258 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206], prejudgment claim and delivery; *Randone* v. *Appellate Department,* 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13], prejudgment attachment; *Rios* v. *Cozens,* 7 Cal.3d 792 [103 Cal.Rptr. 299, 499 P.2d 979], suspension of driver's license.)

In *Arnett* v. *Kennedy,* 416 U.S. 134 [40 L.Ed.2d 15, 94 S.Ct. 1633], the Supreme Court of the United States considered the applicability of the requirement of hearing prior to change in status of property rights to the termination of employment of a tenured civil service employee. It faced the provisions of the Lloyd-LaFollette Act (5 U.S.C. § 7501) as amplified by regulations of the Office of Economic Opportunity. The act and regulations establish a process by which the employee is informed in writing of the nature of "administrative charges" against him and given the right to reply to the charges orally, in writing, and by affidavits to the official empowered to discharge or otherwise discipline him. The official may, after receiving the employee's reply, discharge him without a further hearing before an impartial officer. The notice of termination

must be in the form of a "written decision" (5 U.S.C. § 7501 (b)). After removal, the employee is entitled to a "trial type" hearing on his right to reinstatement with back pay. Kennedy, a tenured employee of OEO, had falsely accused his superior, the officer empowered to discharge or otherwise discipline him, with attempting to bribe a representative of a community action organization dealing with OEO. He was advised that he was charged with that offense and of his right to reply. He did not do so, asserting that the charge was unlawful because the statutory and regulatory scheme did not afford him a trial type hearing before he could be removed from his employment. (416 U.S. at p. 137 [40 L.Ed.2d at pp. 23-24].) A three-judge federal court upheld the employee's contention.

The Supreme Court of the United States reversed the three-judge panel. A plurality opinion of the court, authored by Justice Rehnquist in which the Chief Justice and Justice Stewart concur, holds that because procedural due process is a flexible concept to be tailored to the individual situation (416 U.S. at p. 155 [40 L.Ed.2d at pp. 33-34]), the constitutional requirement is satisfied where the statutory scheme which creates the right also specifies the manner in which it may be terminated. That opinion thus concludes that the federal statutory scheme which grants tenure to civil service employees and conditions that tenure upon a procedure for discharge for cause that allows only a post-termination hearing for reinstatement is constitutional. (416 U.S. at pp. 153-154 [40 L.Ed.2d at pp. 32-33].)

A majority that is created by Justices Powell's and Blackmun's concurrence approves the concept that a pretermination hearing need not be afforded a tenured government employee and that a post-termination hearing at which the employee may be reinstated with back pay if cause for his discharge is not found satisfies the requirements of procedural due process. The concurring opinion rejects the plurality concept that the statutory procedure for discharge contained in the scheme of federal civil service employment is itself a limitation upon the scope of the property right in job tenure. (416 U.S. at pp. 166-167 [40 L.Ed.2d at pp. 40-41].) It holds that the constitutional right of due process applies to discharge from tenured public employment but that, balancing the governmental interest in "expeditious removal of an unsatisfactory employee" against "the interest of the affected employee in continued public employment," procedural due process is satisfied by a post-termination hearing at which the employee may make a case that he was wrongfully discharged and which allows the hearing body to

order the employee's reinstatement with back pay if he was wrongfully terminated. (416 U.S. at pp. 167-170 [40 L.Ed.2d at pp. 40-42].)

The concurring opinion goes further. It states: "[Employee] also argues that the absence of a prior evidentiary hearing increases the possibility of wrongful removal and that delay in conducting a post-termination evidentiary hearing further aggravates his loss. The present statute and regulations, however, already respond to these concerns. The affected employee is provided with 30 days' advance written notice of the reasons for his proposed discharge and the materials on which the notice is based. He is accorded the right to respond to the charges both orally and in writing, including the submission of affidavits. Upon request, he is entitled to an opportunity to appear personally before the official having the authority to make or recommend the final decision. Although an evidentiary hearing is not held, the employee may make any representations he believes relevant to his case. After removal, the employee receives a full evidentiary hearing, and is awarded backpay if reinstated. . . . These procedures minimize the risk of error in the initial removal decision and provide for compensation for the affected employee should that decision eventually prove wrongful."

A dissenting opinion of Justice White agrees with the legal analysis contained in the concurring opinion and amplifies it by concluding that the pretermination procedure provided by the statute and regulations satisfies procedural due process in the context of the general situation of public employees. The opinion, however, finds a violation of the statutory scheme because the employee was not offered an opportunity to respond to the charges against him to an official other than the one against whom he had made the false accusation. (416 U.S. at pp. 195-196, 200-203 [40 L.Ed.2d at pp. 56-57, 59-61].) Justices Douglas, Marshall, and Brennan dissent in opinions stating that a tenured government employee is entitled to an evidentiary hearing before he is discharged. (416 U.S. at p. 203 et seq. [40 L.Ed.2d at p. 61 et seq.].)

The separate opinions in *Arnett* v. *Kennedy* obscure its precise teaching. A majority of the high court agree that no pretermination evidentiary hearing need be given a tenured public employee before he is discharged. The presence of a requirement of notification of the detail of charges against the employee, the furnishing of supporting data to those charges, and an opportunity of the employee to respond to the official responsible for discipline before the employee is discharged is not that clear. If we extrapolate the positions taken by the justices in *Arnett*,

assuming that if the issue were presented squarely each would stay hitched in his present posture, the requirement seems present. Justice White finds the requirement part of procedural due process. Justices Powell and Blackmun strongly imply, if they do not expressly state, that it is. Our own Supreme Court construes the Powell-Blackmun concurring opinion as holding that due process requires a predeprivation procedural safeguard to minimize the risk of error in the initial removal decision. (*Beaudreau* v. *Superior Court,* 14 Cal.3d 448, 463 [121 Cal.Rptr. 585, 535 P.2d 713].) The probabilities are that Justices Douglas, Brennan, and Marshall, since they hold that an even stricter standard of procedural due process is applicable, would not approve of a process which does not include either a pretermination evidentiary hearing or a lesser requirement of notice and opportunity to respond.

Extrapolation predicts six high court votes in favor of a rule that procedural due process requires that where a tenured government employee is to be discharged: (1) he be given notice of the charges against him or other cause for his discharge and an opportunity to respond to the official who is to make the decision to terminate, and (2) he be given a post-termination evidentiary hearing within a reasonable time after his discharge with a right to reinstatement with back pay if his discharge is found to have been without good cause.

Having distilled the apparent principle of federal constitutional law which governs in the case at bench, we do not reach the possibility that article I, section 13 of the California Constitution may impose the requirement of a pretermination hearing. The applicable federal principle requires that the trial court's judgment be affirmed. Employee was not afforded the protection of the first segment of the two-pronged right of due process granted by the United States Constitution to a tenured government employee. He was not given notice of the charges against him and opportunity to respond to the official authorized to take disciplinary action before the action was taken.[2] The right of notice and opportunity to respond having been abridged, the discharge of Employee from his job as of January 13, 1973, was premature.

There remains Employee's contention that since he was not afforded his full right of procedural due process prior to the purported effective

---

[2]There may be situations in which the tenured employee's misconduct is of such a serious character as to create an emergency justifying his termination without notice and right to respond. We do not reach that issue since Board's own action deferred Employee's dismissal for almost 60 days.

date of termination for cause, the trial court erred in holding that he was effectively discharged as of the date the decision of Board after administrative hearing became final. Employee argues that redress of the violation of his due process right can be accomplished only by his unconditional and total reinstatement to his job with full back pay to date. Our Supreme Court has answered the argument in a related situation. In dealing with the measure of relief required where a parolee's parole has been revoked without the benefit of a prerevocation hearing as required by *Morrissey* v. *Brewer,* 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], the court holds that the parolee is not entitled to be released from custody if the record establishes beyond a reasonable doubt that he was not prejudiced by the denial of the prerevocation hearing. (*In re La Croix,* 12 Cal.3d 146, 154 [115 Cal.Rptr. 344, 524 P.2d 816].) Here there is not the slightest indication of prejudice to Employee from the denial of his right to notice and ability to respond other than that incident to the prematurely effective date of termination of his employment. That prejudice is fully recompensed by the action of the trial court deferring the effective date of termination.

The judgment is affirmed. Each party to bear his own costs on appeal.

Lillie, Acting P. J., and Hanson, J., concurred.

The petitions of both parties for a hearing by the Supreme Court were denied September 24, 1975.