[Civ. No. 48245. First Dist., Div. One. May 7, 1982.]

FELIX FIGUEROA, Plaintiff and Respondent, v.
HOUSING AUTHORITY OF THE COUNTY OF SANTA CRUZ
et al., Defendants and Appellants.

COUNSEL

Clair A. Carlson, County Counsel, and James M. Ritchey, Assistant County Counsel, for Defendants and Appellants.

A. Keith Lesar for Plaintiff and Respondent.

OPINION

**GRODIN, J.***—The question in this case is whether Felix Figueroa, as an employee of the Housing Authority of the County of Santa Cruz (Housing Authority), had a property right in his job such that he could be terminated only by due process of law. The trial court found he did and issued a writ of mandate ordering reinstatement with back pay. The Housing Authority has appealed from that order. We affirm.

---

*Assigned by the Chairperson of the Judicial Council.

*Factual and Procedural Background*

Figueroa was hired in April 1973 as the manager of the Housing Authority's migrant housing center in Watsonville. After completion of his six-month probationary term, he acquired status under the Housing Authority's personnel policies as a "permanent" member of the staff. His performance was reviewed annually, and he received generally satisfactory ratings for his work, with the exception that in the evaluation of May 31, 1978, his immediate supervisor noted that he needed to improve his "administrative ability."

On March 13, 1979, the Housing Authority executive director notified Figueroa that he was terminated from employment *as of that date*, stating "the reason for this termination is your continued insubordination and lack of cooperation with supervisors as noted in the annual review you signed last May." Figueroa received no other notice, and no hearing, prior to termination.

After his termination Figueroa requested, and on April 26, 1979, he received, a written statement of the reasons for his termination. These included allegations that Figueroa was responsible for unauthorized collection of money, unauthorized commitments to applicants for housing, unauthorized contacts with the office of migrant services and the Housing Authority commissioners, unauthorized leave to attend a meeting of the Housing Authority board "for personal reasons," and various "instances of conflict" with supervisors.

Figueroa, through his attorney, requested "whatever appeal rights" were available to him, and pursuant to that request the board of commissioners of the Housing Authority held public hearings respecting Figueroa's dismissal on June 11 and 20, 1979. While Figueroa was permitted to, and did, present witnesses on his behalf the executive director was not required to, and did not, produce evidence in support of the termination. On June 20 the board, without making findings of fact and without explanation for its decision, affirmed the dismissal.

Figueroa then brought this proceeding in mandamus, contending that the Housing Authority is a "state agency" governed by state civil service rules (Gov. Code, § 19570 et seq.), and in the alternative that he had a "property right" in his employment such as to preclude his termination, on the basis of constitutional principles, without due process of law. The trial court, without passing upon Figueroa's first contention,

found merit in his alternative argument and on that basis issued a peremptory writ of mandate ordering Figueroa's reinstatement with back pay.

## Issue on Appeal

■ Under the due process guarantees of the federal Constitution and the Constitution of the State of California, a public employee is entitled to due process upon termination from employment if either "property" or "liberty" interests are implicated. (*Arnett v. Kennedy* (1974) 416 U.S. 134 [40 L.Ed.2d 15, 94 S.Ct. 1633]; *Perry v. Sindermann* (1972) 408 U.S. 593 [33 L.Ed.2d 570, 92 S.Ct. 2694]; *Board of Regents v. Roth* (1972) 408 U.S. 564 [33 L.Ed.2d 548, 92 S.Ct. 2701]; *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774].) In addition, and without regard to the existence of a property or liberty interest, procedural and substantive safeguards attach to termination for reasons which deprive the employee of other constitutional rights, such as freedom of speech (e.g., *Mt. Healthy City Board of Ed. v. Doyle* (1977) 429 U.S. 274 [50 L.Ed.2d 471, 97 S.Ct. 568]).

Figueroa does not claim that his "liberty" interests were implicated in his termination, or that he was terminated for reasons which offend substantive constitutional protections. And the Housing Authority does not question the trial court's determination that it failed to accord Figueroa the process required for deprivation of a property right.[1] Rather, the briefs of both parties are confined, so far as constitutional issues are concerned, to the single question whether Figueroa had a property right in his employment such as to require due process upon termination. These contentions frame the issue on appeal.

## Discussion

The constitutional ground rules for determining when a public employee's interest in continued employment constitutes a "property right"

---

[1]The Housing Authority, for the first time at *oral argument*, contended that the "hearing" which Figueroa received *after* termination satisfied the *Skelly* (*Skelly v. State Personnel Bd., supra*, 15 Cal.3d 194) requirement and that Figueroa's remedy should be limited, for that reason, to back pay from the time of his dismissal to the date of the "hearing." Even if the hearing Figueroa received would have satisfied the minimal requirements for *pretermination* notification of charges and opportunity to respond, it would not appear to satisfy the due process requirements for an evidentiary hearing at some point.

have been explicated in a number of United States Supreme Court decisions. "To have a property interest in a benefit, a person clearly must have more than a ... unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." (*Board of Regents* v. *Roth, supra*, 408 U.S. 564, 577 [33 L.Ed.2d 548, 560].) "A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." (*Perry* v. *Sindermann, supra*, 408 U.S. 593, 601 [33 L.Ed.2d 570, 579].) Thus, the existence of an entitlement amounting to a property right may be established through agreement, express or implied, limiting the public employer's right to dismiss "absent 'sufficient cause.'" (*Id.*, at pp. 602-603 [33 L.Ed.2d at pp. 580-581].) Or, it may be established through statutory protection against dismissal without cause. (*Arnett* v. *Kennedy, supra*, 416 U.S. 134; see *Skelly* v. *State Personnel Bd., supra*, 15 Cal.3d 194, 207.) In either event, "the sufficiency of the claim of entitlement must be decided by reference to state law." (*Bishop* v. *Wood* (1976) 426 U.S. 341, 344 [48 L.Ed.2d 684, 690, 96 S.Ct. 2074].) And, "'if the employee is subject to discharge only for cause, he has a property interest which is entitled to constitutional protection.' [Citations.]" (*Williams* v. *County of Los Angeles* (1978) 22 Cal.3d 731, 736 [150 Cal.Rptr. 475, 586 P.2d 956].)

Appellant was established pursuant to, and is governed by, the provisions of the state Housing Authorities Law (Health & Saf. Code, § 34200). That statute, in section 34278, permits an employer "such ... officers, agents, and employees as it requires," and to "determine their qualifications, duties, terms of employment and compensation," but mandates that: "The authority *shall adopt* personnel rules and regulations applying to all employees," and that "[s]uch rules *shall contain* ... *personnel procedures on hiring and firing including removal of personnel for inefficiency, neglect of duties, or misconduct in office.*" (Italics added.) The rules and regulations so adopted are required to be of public record.

At the time of Figueroa's dismissal, the Housing Authority was not in compliance with the statutory mandate; its personnel policies contained *no* procedures relating to the removal of employees for the statutorily enumerated reasons, or for any reasons.[2] Arguably, Figuer-

---

[2]The Housing Authority has since amended its rules to provide for a fullscale grievance procedure. That amendment, however, cannot serve retroactively to validate Figueroa's dismissal.

oa's termination was invalid on that ground alone, but since that argument has not been made we refrain from deciding the case on that basis.

■   The fact that the Legislature has mandated the adoption of procedures for removal of employees for stated reasons does, however, support the trial court's finding that Figueroa had a "claim of entitlement" to his job beyond a "mere expectancy." That finding is further supported by Figueroa's status as a "permanent" employee and by the Housing Authority's personnel policies which, under the heading "Basic Principles," provide: "A. *Merit System*: The employment of personnel and all actions affecting employees shall be based solely on merit, ability, and justice." The trial court reasoned: "[I]f a man is told that all employee relationships are based on merit, then it is utterly inconsistent to say that he serves at the pleasure of the appointing authority."

We conclude that the trial court did not err in finding that Figueroa had a "property right" in his job within the meaning of applicable constitutional principles.

Affirmed.

Racanelli, P. J., and Goff, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.