[No. D026485. Fourth Dist., Div. One. July 27, 1998.]

RODRIC TOWNSEL, Plaintiff and Appellant, v.
SAN DIEGO METROPOLITAN TRANSIT DEVELOPMENT BOARD,
Defendant and Respondent.

COUNSEL

Everett L. Bobbitt and Bradley M. Fields for Plaintiff and Appellant.

Gray, Cary, Ware & Freidenrich, J. Rod Betts and Nancy Kawano for Defendant and Respondent.

OPINION

**HOWATT, J.***—Plaintiff Rodric Townsel appeals the denial of his petition for a writ of mandate directing the San Diego Metropolitan Transit

---

*Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Development Board (MTDB) to vacate its decision to uphold the termination of his employment as a code enforcement officer.[1] Townsel contends MTDB denied his constitutional right to due process by failing to provide him a posttermination evidentiary hearing. We agree and reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

Townsel began working for MTDB as a code compliance inspector in 1989. It is undisputed that Townsel's employment with MTDB could be terminated only for cause.

In 1993 Townsel was suspended for three weeks and placed on probation for six months for violating a number of MTDB's rules. Townsel filed a petition for a writ of mandamus in the United States District Court for the Southern District of California in which he alleged, among other things, that MTDB improperly denied him a postdisciplinary evidentiary hearing. The federal court ruled that Townsel was not entitled to a postdisciplinary hearing and denied the petition, stating: "TOWNSEL is not entitled to the procedural requirements established for civil service employees, because TOWNSEL is not a civil service employee. By receiving [a] *Skelly* hearing, TOWNSEL received all he was entitled to under the law."[2] (Italics added in place of underscoring in original.)

Townsel's discharge resulted from a complaint about an incident that occurred at a trolley station on March 5, 1994, while Townsel was on duty. Two female passengers claimed Townsel put his arms around them while checking their fares. When they tried to get away, Townsel allegedly

---

[1]The court adjudicated Townsel's petition for writ of mandate by way of his separately filed "motion for issuance of writ of mandamus," which the court referred to as an "application for writ of mandate." We view the order denying Townsel's motion as an order denying his *petition* for writ of mandate. Townsel's notice of appeal states he is appealing from the order denying his "Motions [*sic*] for Issuance of Writ of Mandamus" and that he has not been served with notice of entry of judgment. The record does not show that judgment was entered on the order. However, even if a separate formal judgment has not been entered on an order denying a petition for writ of mandate, the order is properly treated as a final judgment in a special proceeding for purposes of appeal. (*Haight* v. *City of San Diego* (1991) 228 Cal.App.3d 413, 416, fn. 3 [278 Cal.Rptr. 334].)

[2]In *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 206 [124 Cal.Rptr. 14, 539 P.2d 774], the California Supreme Court held that a civil service employee who attains the status of "permanent employee" has a property interest in continued employment which is protected by due process. Thus, before a decision to terminate such employment becomes effective, the employee is entitled to certain preremoval safeguards, including "notice of the proposed action, the reasons therefor, a copy of the charges and materials upon which the action is based, and the right to respond, either orally or in writing, to the authority initially imposing discipline." (*Id.* at p. 215.) Townsel does not challenge the sufficiency of the preremoval safeguards MTDB accorded him.

grabbed one of them by the hair and then grabbed the other by the face and neck to push her away from a public telephone she was trying to use to call the police.

MTDB presented Townsel a written notice of termination informing him of the specific rules he violated in the course of the incident and provided him a pretermination *Skelly* hearing. Following the *Skelly* hearing, MTDB's general manager notified Townsel that his employment was terminated effective April 15, 1994.

Townsel was later criminally charged with two counts of misdemeanor battery but was acquitted of the charges after a jury trial. After his acquittal, Townsel requested an appeal before MTDB's board of directors (Board of Directors). MTDB's general manager notified Townsel that an appeal to the Board of Directors was premature and that he would reconsider Townsel's termination in light of the outcome of his criminal case. After reviewing the court file, the general manager notified Townsel of his decision to uphold the termination.

Townsel appealed the general manager's decision to the Board of Directors. The Board of Directors appointed a three-member committee to hear the appeal. At the first of two hearings before the appeal committee, Townsel denied the allegations against him and asserted he had a right to an evidentiary hearing in which MTDB had the burden of proof. The committee asked MTDB to prepare a history of other complaints and disciplinary actions taken against code compliance officers and concluded the hearing.

At the second hearing, the appeal committee rejected Townsel's request for an evidentiary hearing. The committee heard a presentation from MTDB's counsel and questioned Townsel and a management witness. After the hearing, the committee prepared written findings and recommended MTDB deny Townsel's appeal from the order of his termination. The Board of Directors ratified the committee's findings and recommendation.

Townsel filed a petition for writ of mandate in the superior court requesting the court to vacate the Board of Directors' decision to uphold his termination. The court denied the petition on the grounds Townsel was collaterally estopped from litigating the issue of his right to a posttermination evidentiary hearing and MTDB lacks the authority to conduct such a hearing. The court concluded Townsel was afforded his constitutional rights through his pretermination *Skelly* hearing.

## DISCUSSION

■ This appeal presents a question of constitutional law which we review de novo, independent of the trial court's ruling. (*Mansell* v. *Board of Administration* (1994) 30 Cal.App.4th 539, 544 [35 Cal.Rptr.2d 574].)

### I.  *Townsel Is Entitled to an Evidentiary Hearing*

■ "The Fourteenth Amendment to the United States Constitution 'places procedural constraints on the actions of government that work a deprivation of interests enjoying the stature of "property" within the meaning of the Due Process Clause.' [Citations.] The California Constitution contains a similar provision. [Citations.]" (*Coleman* v. *Department of Personnel Administration* (1991) 52 Cal.3d 1102, 1112 [278 Cal.Rptr. 346, 805 P.2d 300].)

■ It is well settled that a public employee subject to discharge only for cause has a constitutionally protected property interest in continued employment. (*Mendoza* v. *Regents of University of California* (1978) 78 Cal.App.3d 168, 175 [144 Cal.Rptr. 117]; *Williams* v. *County of Los Angeles* (1978) 22 Cal.3d 731, 736 [150 Cal.Rptr. 475, 586 P.2d 956].) Accordingly, Townsel had a property interest in his continued employment with MTDB which was protected by due process.

Townsel does not contend he was denied due process before his termination. He contends he was denied due process because MTDB refused to hold a posttermination evidentiary hearing in which it bore the burden of proving the allegations forming the basis for his termination. We conclude due process required such an evidentiary hearing at some point in the termination process. Because Townsel was not afforded one before he was discharged, he was entitled to one following his discharge.

In *Cleveland Board of Education* v. *Loudermill* (1985) 470 U.S. 532, 546 [105 S.Ct. 1487, 1495, 84 L.Ed.2d 494] (*Loudermill*), the United States Supreme Court held that prior to termination, a "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. [Citations.]" However, *Loudermill* added that its holding rested in part on the provisions of Ohio state law that afforded the public employees in that case a full posttermination hearing. (*Ibid.*)

Before *Loudermill*, the United States Supreme Court in *Arnett* v. *Kennedy* (1974) 416 U.S. 134 [94 S.Ct. 1633, 40 L.Ed.2d 15] considered what

preterminated process is due a nonprobationary public employee. A plurality of three justices plus two concurring justices and one concurring and dissenting justice approved of a statutory scheme that provided a federal employee advance notice of his termination and the charges on which it was based, an opportunity to respond to the charges before termination, and a full evidentiary hearing after termination. (*Id.* at pp. 150-151, 153-154 [94 S.Ct. at pp. 1642-1643, 1643-1644] (plur. opn. of Renquist, J.); *id.* at pp. 170-171 [94 S.Ct. at p. 1652] (conc. opn. of Powell, J.); *id.* at pp. 195-196 [94 S.Ct. at pp. 1664-1665] (conc. & dis. opn. of White, J.).)

■ From the various opinions in *Arnett*, the Court of Appeal in *Kristal* v. *State Personnel Bd.* (1975) 50 Cal.App.3d 230 [123 Cal.Rptr. 512] distilled the following rule: "[P]rocedural due process requires that where a tenured governmental employee is to be discharged: (1) he be given notice of the charges against him or other cause for his discharge and an opportunity to respond to the official who is to make the decision to terminate, and (2) he be given a post-termination evidentiary hearing within a reasonable time after his discharge with a right to reinstatement with back pay if his discharge is found to have been without good cause." (*Id.* at p. 240, disapproved on another point in *Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395, 405 [134 Cal.Rptr. 206, 556 P.2d 306].) There is ample support for this rule in both California and federal case law.

In *Coleman* v. *Department of Personnel Administration, supra*, 52 Cal.3d at pages 1122-1123, the California Supreme Court held that a permanent or tenured civil service employee does not have a due process right to a posttermination evidentiary hearing when his or her employer exercises its statutory authority to treat an unexcused absence from the job for five consecutive work days as an automatic resignation. In a concurring and dissenting opinion, Justice Broussard stated: "As the *Loudermill* court recognized, when an employee is afforded only the minimal pretermination protections of notice and an informal opportunity to respond, the pretermination procedure cannot be treated as reliably or 'definitively resolv[ing] the propriety of the discharge . . . [but rather operates simply as] an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.' [Citation.] A posttermination hearing is required by due process to assure that there is a definitive resolution of the propriety of the discharge, in a setting in which the dismissing supervisor must bear the burden of proving to a neutral decision maker that the termination rests on an accurate assessment of the facts. . . . 'In view of the property interest involved, it appears that the employee who

challenges a determination of the governmental employer . . . to terminate her employment is entitled, at the very least, to place the burden of proof on the employer at a formal evidentiary hearing on the issues.' [Citation.]" (*Id.* at p. 1133 (conc. and dis. opn. of Broussard, J.).)

The *Coleman* majority apparently agreed with Justice Broussard that a permanent or tenured governmental employee who is discharged *for cause* has a due process right to a posttermination evidentiary hearing, as the following language indicates: "[*U*]*nlike an employee who is discharged for cause* [citations], an employee who has been determined to have resigned under the AWOL statute does not have a due process right to a postseverance evidentiary hearing at which the state must prove the facts supporting the determination of resignation." (*Coleman v. Department of Personnel Administration, supra,* 52 Cal.3d at p. 1119, italics added.)[3]

In *Figueroa v. Housing Authority* (1982) 131 Cal.App.3d 528, 530 [182 Cal.Rptr. 497], a "permanent" county employee was terminated without a pretermination hearing and was given a posttermination hearing at which the employing agency was not required to and did not produce evidence in support of the termination. The agency contended the posttermination hearing satisfied the pretermination due process requirements of *Skelly*. The Court of Appeal responded: "Even if the hearing Figueroa received would have satisfied the minimal requirements for *pretermination* notification of charges and opportunity to respond, it would not appear to satisfy the due process requirements for an *evidentiary hearing at some point*." (*Id.* at p. 531, fn. 1, second italics added.)

In *Kelly v. Smith* (11th Cir. 1985) 764 F.2d 1412, 1415, a discharged city employee was afforded adequate pretermination procedures under *Loudermill* but no posttermination evidentiary hearing. The city defendants contended there was no need for a posttermination evidentiary hearing because the facts giving rise to the discharge were undisputed. The appellate court disagreed, noting ". . . the assurance that a full evidentiary hearing will be forthcoming is one of the primary reasons for allowing the abbreviated pretermination procedures. [Citation.]" (*Ibid.*; see also *Browning v. City of Odessa, Tex.* (5th Cir. 1993) 990 F.2d 842, 844-845 [pretermination procedures that complied with the due process requirements set forth in *Loudermill* were sufficient because a full evidentiary posttermination hearing was available].)

---

[3]*Coleman* cited *Skelly v. State Personnel Bd., supra,* 15 Cal.3d at page 203 and *Kirkpatrick v. Civil Service Com.* (1978) 77 Cal.App.3d 940, 945 [144 Cal.Rptr. 51], for their recognition that permanent civil service employees have a statutory right to a posttermination evidentiary hearing.

*Garraghty* v. *Com. of Va., Dept. of Corrections* (4th Cir. 1995) 52 F.3d 1274 involved the discharge of a state employee with a property interest in continued employment. The *Garraghty* court stated: " 'The severity of depriving a person of the means of livelihood requires that such person have at least one opportunity' for a full hearing, which includes the right to 'call witnesses and produce evidence in his own behalf,' and to 'challenge the factual basis for the state's action.' " (*Id.* at p. 1284, overruled on another ground in *McKinney* v. *Pate* (11th Cir. 1994) 20 F.3d 1550, 1558-1560, quoting *Carter* v. *Western Reserve Psychiatric Habilitation* (6th Cir. 1985) 767 F.2d 270, 273.)

*Egan* v. *Department of the Navy* (Fed. Cir. 1986) 802 F.2d 1563, 1572, cited *Loudermill* and *Arnett* for the proposition that ". . . federal employee due process requires a full evidentiary hearing at some point in the termination proceedings, if not before removal, then after. [Citation.]"

In *Kadushin* v. *Port Authority of N.Y. and N.J.* (E.D.N.Y. 1985) 603 F.Supp. 1146, 1147-1148, a permanent public employee who was discharged *without an* evidentiary hearing sued her employer, alleging, among other things, that her discharge violated her right to due process. The court concluded: "[A]lthough . . . defendant was not required to supply plaintiff with a pre-termination evidentiary hearing, defendant was required to supply plaintiff with (at least) a post-termination evidentiary hearing before an impartial tribunal. . . . [W]e note the defendant did not supply plaintiff with any evidentiary hearing whatsoever, before or after the termination, and hold that defendant has therefore deprived plaintiff of property without due process, in violation of the Due Process Clause of the Fourteenth Amendment." (*Id.* at p. 1151.)

These cases make it clear that a permanent or tenured public employee facing a termination for cause has a due process right to challenge the factual basis for the termination in a full evidentiary hearing at some point in the termination process. Furthermore, the governmental employer bears the burden of proof in the evidentiary hearing, as "[i]t is axiomatic, in disciplinary administrative proceedings, that the burden of proving the charges rests upon the party making the charges. [Citations.]" (*Parker* v. *City of Fountain Valley* (1981) 127 Cal.App.3d 99, 113 [179 Cal.Rptr. 351]; *La Prade* v. *Department of Water & Power* (1945) 27 Cal.2d 47, 51 [162 P.2d 13].)

MTDB points out that the cases on which Townsel primarily relies, including *Loudermill*, involved either civil service employees or other governmental employees who had a statutory right to a full evidentiary hearing.

MTDB contends Townsel does not have a similar right to a posttermination evidentiary hearing because he is not a civil service employee and there is no statute or ordinance that gives him that right. This contention is without merit.

The United States Supreme Court in *Loudermill* held: "The right to due process 'is conferred, not by legislative grace, but by constitutional guarantee. While the legislature may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards.'" (*Loudermill, supra,* 470 U.S. at p. 541 [105 S.Ct. at p. 1493], quoting *Arnett* v. *Kennedy, supra,* 416 U.S. at p. 167 [94 S.Ct. at pp. 1650-1651].)

Whether a public employee is entitled to the procedural safeguards required by due process before and after discharge "ought not, and does not, turn on the eventuality that he is employed in the civil service system . . . . *The overriding consideration rather is whether the employee has a constitutionally protected property interest in his continued employment.*" (*Mendoza* v. *Regents of University of California, supra,* 78 Cal.App.3d at pp. 173-174, original italics.) Thus, the due process requirement of an evidentiary hearing at some point in the termination process applies to any public employee who has a constitutionally protected property interest in his continued employment, regardless of whether the employee is in the civil service system or is subject to a statutory scheme that specifically provides the required evidentiary hearing.

MTDB also contends it is without legal authority to hold an evidentiary hearing because its own regulations do not provide for such a procedure and it lacks the power to issue subpoenas, administer oaths and compel the testimony of witnesses. MTDB points out that its regulations simply allow its Board of Directors to review a termination decision by the general manager and do not specify the manner of such review.

"[U]nder *Loudermill,* the government cannot limit a public employee's right to due process simply by providing a statutory scheme that sets forth specific procedures for a termination proceeding when those procedures fall short of federal constitutional requirements." (*Coleman* v. *Department of Personnel Administration, supra,* 52 Cal.3d at p. 1114.) Thus, the failure of MTDB's regulations to meet the requirements of due process for employee termination does not excuse MTDB from satisfying those requirements.

MTDB's lack of subpoena power does not necessarily preclude it from conducting an evidentiary hearing and meeting its burden of proving the

facts supporting Townsel's discharge. As one federal district court noted, "It is entirely possible that an agency without subpoena powers could secure the voluntary appearance of witnesses whose testimony would be sufficient to establish a substantial case. . . ." (*Henley* v. *United States* (M.D.Pa. 1974) 379 F.Supp. 1044, 1048.) Nor does MTDB's lack of subpoena power preclude Townsel from producing witnesses favorable to his position. (*Ibid.*; *Bockover* v. *Perko* (1994) 28 Cal.App.4th 479, 487 [34 Cal.Rptr.2d 423].)

In any event, an "agency's inability to compel a necessary witness's attendance and testimony regarding a material allegation is not a license to rely on secondary and insubstantial evidence. In other words, the lack of subpoena power cannot be read as lowering the standard of proof imposed on an administrative proceeding. If an agency cannot establish the case against the accused due to lack of subpoena power, then its case must fall." (*Henley* v. *United States, supra,* 379 F.Supp. at p. 1051.) MTDB's lack of subpoena power and the failure of its regulations to specifically authorize a posttermination evidentiary hearing are not proper bases to deny Townsel's due process right to an evidentiary hearing.[4]

## II. *Collateral Estoppel*

MTDB contends Townsel is collaterally estopped from litigating the issue of whether he is entitled to a posttermination evidentiary hearing by the federal district court's 1993 ruling that he was not entitled to a postdisciplinary hearing following his three weeks' suspension.

Collateral estoppel, an aspect of the concept of res judicata, precludes the relitigation of issues decided in prior proceedings. (*Lucido* v. *Superior Court* (1990) 51 Cal.3d 335, 341 [272 Cal.Rptr. 767, 795 P.2d 1223, 2 A.L.R.5th 995].) Traditionally, collateral estoppel applies only if the following requirements are satisfied: "First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. [Citations.] The party asserting collateral estoppel bears the burden of establishing these requirements. [Citation.]" (*Ibid.*) Townsel is not collaterally estopped from litigating the issue of whether he is entitled to a posttermination

---

[4]We need not address Townsel's contention that the subpoena power of the Public Utilities Commission under article XII, section 6 of the California Constitution extends to MTDB because MTDB was created by the enactment of Public Utilities Code section 120050 et seq.

evidentiary hearing because the identical issue was neither adjudicated nor necessarily decided in his federal court case.

The issue in this case is whether Townsel was afforded due process in connection with MTDB's *termination* of his employment. Townsel's federal court case presented the issue of what due process rights were triggered by a three-week *suspension* of his employment. A disciplinary suspension does not trigger the same due process rights as a termination.

(7) "In determining what process is due, account must be taken of the length and finality of the deprivation; . . ." (*Bostean* v. *Los Angeles Unified School Dist.* (1998) 63 Cal.App.4th 95, 113 [73 Cal.Rptr.2d 523].) In *Civil Service Assn.* v. *City and County of San Francisco* (1978) 22 Cal.3d 552 [150 Cal.Rptr. 129, 586 P.2d 162], the California Supreme Court concluded due process does not require that suspended employees be afforded the same predisciplinary procedures under *Skelly* as terminated employees. The Supreme Court noted: "In the case of suspensions . . . it would appear that while the risk of error may be just as great as in a termination case, the consequences are not. . . . [¶] . . . A short suspension is not a destruction of the employee's employment but rather is an interruption. . . ." (*Id.* at p. 562, fn. omitted.) The Supreme Court further noted that ". . . during the period pending hearing, the employee in the minor suspension case does not face the bleak prospect of being without a job and the need to seek other employment hindered by the charges against him. [Citation.]" (*Id.* at p. 563.)

*Civil Service* concluded a suspended employee does not have the same due process right to a predisciplinary *Skelly* hearing as a terminated employee, and is entitled to no more than a *Skelly*-type hearing during or within a reasonable time after the suspension. (*Civil Service Assn.* v. *City and County of San Francisco, supra,* 22 Cal.3d at p. 564.) In contrast, a terminated employee is entitled to a pretermination *Skelly* hearing and a full evidentiary hearing at some point, either before or after the termination. ■ Because suspension and termination trigger significantly different due process protections, the instant case and Townsel's federal court case do not involve identical issues.

Further, the issue of Townsel's *posttermination* rights was not necessarily decided in the federal court action because Townsel had not been terminated when he brought that action. "Judicial review of administrative action, like all exercises of federal judicial power, is limited by the requirement that there be an actual, live controversy to adjudicate. [Citations.]" (*Campesinos Unidos* v. *United States Dept. of Labor* (9th Cir. 1986) 803 F.2d 1063, 1067.)

Since there was no actual controversy in the federal court action regarding Townsel's right to a *posttermination* evidentiary hearing, that issue could not have been necessarily decided by the federal court, regardless whether it was actually litigated. The federal court's ruling does not collaterally estop Townsel from litigating the issue of whether he is entitled to a posttermination evidentiary hearing.

## CONCLUSION

Townsel is entitled to an evidentiary hearing before a neutral decisionmaker in which MTDB bears the burden of proving the facts supporting its decision to terminate his employment. Townsel is entitled to reinstatement with backpay only if his termination is found to have been without good cause. (*Kristal* v. *State Personnel Bd., supra,* 50 Cal.App.3d at p. 240; *Forrest* v. *Trustees of Cal. State University & Colleges* (1984) 160 Cal.App.3d 357, 364 [206 Cal.Rptr. 595].)

## DISPOSITION

The order denying Townsel's petition for writ of mandate is reversed. The matter is remanded to the trial court with directions to issue a peremptory writ of mandate compelling MTDB to set aside its decision sustaining Townsel's discharge and to reconsider its decision following an evidentiary hearing that meets the requirements of due process. Townsel is awarded his costs on appeal.

Kremer, P. J., and McIntyre, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 14, 1998. Kennard, J., Baxter, J., and Chin, J., were of the opinion that the petition should be granted.