**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VICTOR GUERRERO,

        Plaintiff-Appellee,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION; JEFFREY A.
BEARD, Secretary of the California
Department of Corrections and
Rehabilitation; K. CARROLL, Lieutenant;
D. SHARP, Sergeant; C. HESTER,
Lieutenant; V. MAYOL, Lieutenant; S.
COX, Lieutenant; V. MYERS, Sergeant,

        Defendants-Appellants,

 and

CALIFORNIA STATE PERSONNEL
BOARD; SUZANNE M. AMBROSE,
Executive Officer of State Personnel
Board; BARBARA LEASHORE, Hearing
Officer,

        Defendants.

Nos.  15-17001
       16-16096

D.C. No. 3:13-cv-05671-WHA

MEMORANDUM[*]

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| VICTOR GUERRERO, | No. 15-17043 |
| Plaintiff-Appellee, | D.C. No. 3:13-cv-05671-WHA |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; JEFFREY A. BEARD, Secretary of the California Department of Corrections and rehabilitation; K. CARROLL, Lieutenant; D. SHARP, Sergeant; C. HESTER, Lieutenant; V. MAYOL, Lieutenant; S. COX, Lieutenant; V. MYERS, Sergeant, | |
| Defendants, | |
| and | |
| CALIFORNIA STATE PERSONNEL BOARD; SUZANNE M. AMBROSE, Executive Officer of State Personnel Board; BARBARA LEASHORE, Hearing Officer, | |
| Defendants-Appellants. | |

| | |
|---|---|
| VICTOR GUERRERO, | No. 16-16098 |
| Plaintiff-Appellee, | D.C. No. 3:13-cv-05671-WHA |
| v. | |
| CALIFORNIA STATE PERSONNEL | |

2

BOARD; SUZANNE M. AMBROSE, Executive Officer of State Personnel Board; BARBARA LEASHORE, Hearing Officer,

                Defendants-Appellants,

 and

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; JEFFREY A. BEARD, Secretary of the California Department of Corrections and Rehabilitation; K. CARROLL, Lieutenant; D. SHARP, Sergeant; C. HESTER, Lieutenant; V. MAYOL, Lieutenant; S. COX, Lieutenant; V. MYERS, Sergeant,

                Defendants.

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted May 16, 2017
San Francisco, California

Before: THOMAS, Chief Judge, WARDLAW, Circuit Judge, and MORRIS,[**] District Judge.

---

[**]     The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

The California Department of Corrections and Rehabilitation ("CDCR") and the California State Personnel Board ("the Personnel Board") appeal the district court's judgment entered after a bench trial. We affirm in part and reverse in part. Because the parties are familiar with the history of this case, we need not recount it here.

I

A

We review the district court's findings of fact concerning a claim of disparate impact for clear error. *Paige v. California*, 291 F.3d 1141, 1144 n.3 (9th Cir. 2002). "In particular, we give deference to a district court's findings regarding statistical evidence." *Id.* The district court's findings in this case were not clearly erroneous. The general facts were undisputed. All applicants whose applications were withheld on the basis of the one question at issue were Latino. The district court was entitled to credit Guerrero's statistical expert who testified that the expected percentage of Latinos adversely affected was 42.1%. The district court also found that CDCR's statistical expert had conceded that even if two of the seven applicants had their applications withheld in part due to the question, then the question had a statistically adverse affect on Latinos. The record supports the district court's conclusion that the question was the deciding factor for at least two

4

of the seven relevant applicants. Under our deferential standard of review, the district court's findings were not clearly erroneous.

Given those factual findings, the district court did not err in concluding that Guerrero had established a *prima facie* case of disparate impact in CDCR's employment selection, a decision we review *de novo*. *Id.* Under the Equal Employment Opportunity Commission's four-fifths rule, a selection practice is considered to have a disparate impact if it has a "selection rate for any race, sex, or ethnic group which is less than four-fifths . . . (or eighty percent) of the rate for the group with the highest rate." 29 C.F.R. § 1607.4(D) (2001). Applying the EEOC rule to the district court's factual findings, the district court properly concluded that Guerrero had established a *prima facie* case of disparate impact in its employment selection practices.

B

If the plaintiff establishes a *prima facie* case of disparate impact, then the employer may invoke a "business necessity" defense, which permits "hiring criteria with a 'manifest relationship' to job performance." *Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project*, 135 S. Ct. 2507, 2517 (2015) (quoting *Griggs v. Duke Power Co.*, 401 U.S. 424, 432 (1971)). To successfully establish a business necessity defense, an employer must prove that "the

5

challenged selection device or criteria and the important elements of the job or training program" have a "significant relation" between them, "not merely some 'rational basis' for the challenged practice." *Contreras v. City of L.A.*, 656 F.2d 1267, 1276 (9th Cir. 1981) (quoting *Craig v. Cty. of L.A.*, 626 F.2d 659, 664 (9th Cir. 1980)). The CDCR argues that the question was an important screening tool, and that it individually assesses and interviews every applicant, not just those it rejects at screening. However, the district court found that "there is no evidence that CDCR paid anything more than lip service to Guerrero's circumstances under the EEOC factors." The court further found that CDCR did not actually engage in an individualized assessment of Guerrero and at least three other Latino candidates, and likely misunderstood the answer to the question. These findings are supported by the record and are not clearly erroneous.

C

CDCR further argues that, overall, it has an excellent record in hiring Latinos and, therefore, it cannot be held liable under a disparate impact theory. However, the Supreme Court has rejected the so-called "'bottom-line' theory of defense," holding that even "if the 'bottom-line' result of the promotional process was an appropriate racial balance," that result will "not preclude . . . employees from establishing a prima facie case, nor does it provide [the] employer with a

defense to such a case." *Connecticut v. Teal*, 457 U.S. 440, 442 (1982). It explained that Title VII "speaks, not in terms of jobs and promotions, but in terms of *limitations* and *classifications* that would deprive any individual of employment *opportunities*." *Id.* at 448 (emphases in original). "A disparate-impact claim reflects . . . Congress' basic objectives . . . to achieve equality of employment *opportunities* and remove barriers that have operated in the past to favor an identifiable group of white employees over other employees." *Id.* (emphasis in original).

We applied *Teal* in *Stout v. Potter*, 276 F.3d 1118 (9th Cir. 2002), where female postal inspectors directed their disparate impact claim at an intermediate screening stage in a promotions process. *Id.* at 1121. Echoing *Teal*, we explained that the "nonadverse results of the ultimate promotion decisions cannot refute a prima facie case of disparate impact at the dispositive interview selection stage." *Id.* at 1122. Therefore, it was appropriate to "separate the results of the interview selection stage from the results of the overall promotion process because the intermediate stage functioned as a pass or fail barrier to further consideration for promotion." *Id.*

CDCR's theory that it cannot be held liable for disparate impact because of its "bottom line" excellent record of hiring Latinos is precluded by binding Supreme Court and Ninth Circuit precedent.

## II

The district court did not abuse its discretion when it denied CDCR the opportunity to pursue further investigation of Guerrero. *See Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1161 (9th Cir. 2001) (no abuse of discretion where district court denied additional time to conduct discovery). In order to "rely upon after-acquired evidence of wrongdoing, [an employer] must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362–63 (1995). Here, CDCR merely hoped that a further investigation would produce additional evidence of wrongdoing that might justify its initial decision not to hire Guerrero, and the district court actually permitted CDCR to complete its background check to the extent it was unfinished.

"A district court is vested with broad discretion to permit or deny discovery, and a decision 'to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to

8

the complaining litigant.'" *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Under these circumstances, the district court did not abuse its wide discretion in managing discovery.

III

The district court erred in imposing liability on the Personnel Board. The Personnel Board did not participate in the hiring decision, nor did it participate in the formulation of the question at issue. It reviewed the case only administratively. "A direct employment relationship is not a prerequisite to Title VII liability." *Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 580 (9th Cir. 2000) (en banc) (*AMAE*). It is possible for Title VII liability to extend to a third party entity if that entity "interferes with an individual's employment opportunities with another employer." *Id.* (quoting *Gomez v. Alexian Bros. Hosp.*, 698 F.2d 1019, 1021 (9th Cir. 1983) (per curiam)). However, Title VII liability is extended to indirect employers only if they "discriminated against and interfered with the employees' relationship with their employers." *Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 931 (9th Cir. 2003).

The Personnel Board is a "statewide administrative agency which is created by, and derives its adjudicatory power from, the state Constitution." *Dep't of Parks & Recreation v. State Pers. Bd.*, 284 Cal. Rptr. 839, 844 (Cal. App. Ct.

9

1991). It is "empowered to 'review disciplinary actions'" and in so doing, "acts in an adjudicatory capacity." *Id.* (quoting *Kristal v. Cal. State Pers. Bd.*, 123 Cal. Rptr. 512, 516 (Cal. App. Ct. 1975)). In its purely adjudicatory role in this case, there is no evidence that it discriminated against or interfered with the CDCR's relationship with Guerrero, nor is the Personnel Board in a position analogous to California in *AMAE*, where the state was "so entangled with the operation of California's local school districts that individual districts are treated as 'state agencies' for purposes of the Eleventh Amendment." *AMAE*, 231 F.3d at 582. Therefore, the Personnel Board cannot be liable under a third party disparate impact theory.

IV

Because the attorney fee award was based, in part, on the fact that the judgment was entered against all defendants, we must vacate the award and remand for the district court to reassess in light of our reversal of the judgment against the Personnel Board.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**[1]

Each party shall bear its own costs.

---

[1] The motion for judicial notice is denied.

10